No. 6669.

THE STATE VS. PAT. MALLOY.

30 61
52 212

A criminal information may in two separate counts, charge two separate, but kindred offenses, growing out of the same transaction. Such an information is not obnoxious to the objection of duplicity.

An information charging the crime of burglary, or grand larceny, describes the place where the offense was committed with sufficient certainty when it gives the parish, the name of the owner of the house, and the house in which the offense is alleged to have been committed.

Where an information under the count of grand larceny, charges the theft of various things of small value, a verdict of the jury that the accused is guilty of "petit" larceny is sufficiently responsive to the indictment, and does not amount to an acquittal on the count of grand larceny.

When the crime *charged* in the indictment is one of which the Superior Criminal Court has jurisdiction, the finding of the jury for any smaller crime will not divest that court of jurisdiction.

APPEAL from the Superior Criminal Court, parish of Orleans. *Whitaker*, J.

*H. N. Ogden*, Attorney General, for the State.

*Cullom & Castellanos* for the defendant.

The opinion of the court was delivered by

SPENCER, J. Defendant was prosecuted in the Superior Criminal

Court on an information charging that he did in the parish of Orleans, etc., on the twenty-sixth of June, 1876, first, break and enter, in the night time and with intent to steal, the shop of one Joseph Cimarelle. Second, that having so broken and entered, etc., he did, at the time and place aforesaid, steal, take and carry away one gold watch of the value of $150, one pair of shoes of the value of $5, and certain other chattels, named and described. In other words the information contained two counts, one for burglary and one for grand larceny, growing out of the same transaction. The defendant filed a motion to quash the information, first, for duplicity, in that it contains two counts for two offenses, distinct, substantive, and of different natures and character. Second, for uncertainty in that it does not describe the place alleged to have been burglariously entered, with that minuteness which would enable him to plead *autre fois acquit* or *convict*. This motion was overruled, and the trial resulted in the following verdict:

" We, the jury, find the accused of the *first* charge not guilty. The second charge not guilty. We find said accused guilty of petit larceny. "

Thereupon the accused filed a motion in arrest of judgment—assigning as grounds therefor, those of the motion to quash already mentioned, and these in addition, to wit: First: That the verdict of petit larceny is not responsive to the information. Second: That under the verdict the Superior Criminal Court was without jurisdiction. Third: That under the verdict of *not guilty* of the charges in the two courts, the prisoner is entitled to his discharge. This motion was overruled and the defendant sentenced to two years at hard labor. He appeals. His counsel has not favored us with an argument or any reference to authorities.

The motion to quash was, we think, properly overruled. There is no duplicity in the information. It charges in separate counts two kindred offenses growing out of one and the same transaction. See 8 A. 109, 114. We think the objection that there is no certainty in the charge is not well taken, even as to the charge of burglary, of which he was acquitted, much less as to that of grand larceny, under which he was convicted.

A verdict of guilty of petit larceny is responsive to an indictment charging the theft of various articles, as in this case. By the verdict he was found not guilty of grand, but guilty of petit larceny. This was no more an acquittal under that count, than a verdict of "not guilty of murder," but "guilty of manslaughter" would be an acquittal under an indictment for murder. The other objection, that the verdict of guilty of petit larceny divested the Superior Criminal Court of jurisdiction, can hardly be considered as serious. The jurisdiction of courts in criminal matters is governed by the offense *charged* or penalty imposed,

just as that of civil tribunals is governed by the amount in dispute. If on account of the absence of some ingredient of the offence charged, the offense is reduced to a less penal one of a kindred nature, the court may sentence for the lesser offense, although an indictment for that offense could not have been originally entertained by it; just as a civil court may on trial of a demand for a greater, give judgment for a lesser amount than its jurisdiction originally embraces.

The sentence and judgment appealed from are affirmed.