No. 1137.

### THE STATE OF LOUISIANA VS. JERRY KING.

Burglary and larceny may be joined in the same count in an indictment. They are an exception to the general rule that two distinct offences cannot be joined in the same count.

Ignorance of the name of an accused party from whom a confession of guilt was received is of no moment when the party himself is identified as the person who made the confess'on.

APPEAL from the Sixth District Court, Parish of Morehouse. Brigham, J.

S. T. Baird, District Attorney, for the State, Appellee.

C. Newton for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. From a conviction of burglary and sentence thereon the defendant has appealed.

A motion to quash the indictment for duplicity was made and refused before plea entered, and after conviction the same ground was made the subject of a motion in arrest of judgment.

The duplicity consists in charging the crimes of burglary and larceny in one count.

The general rule is that two distinct offences cannot be charged in one count, but the offences of burglary and larceny constitute the most conspicuous exception to it. See State v. Depass, 31 Ann. 487 where the reason of the rule is explained and the fact that there is such a rule is established by authorities. This was re-affirmed in State v. Johnson, 34 Ann. 48, and may be considered as no longer questionable.

There is a bill of exception to the admission of a confession. There were two defendants. The witness who was to testify of the confession said he did not know which one of the defendants made the confession, by which he meant he did not know the name of the confessor whether it was Jerry or Sam, but on the two being shewn to him in the court-room, he at once pointed out the defendant as the one who had confessed.

This statement is an answer to the objection of uncertainty urged by the defendant.

Judgment affirmed.