State vs. Morgan.

---

No. 9829.

THE STATE OF LOUISIANA VS. GEORGE MORGAN.

Where the case shows lack of diligence, and where the motion for continuance exhibits no reasonable certainty of being able to procure the attendance of the absent witness at a future day, the ruling of the court refusing continuance will not be disturbed.

In an indictment charging in a single count both burglary and larceny, verdict for larceny alone sustained.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess*, J.

---

*M. J. Cunningham*, Attorney General, and *L. D. Beale*, District Attorney, for the State, Appellee:

Due and proper diligence must be shown in order to obtain a continuance on the ground of the absence of a witness, and the judge *a quo* must use his discretion in such cases. 28 Ann. 46. The ruling of the judge *a quo* on a motion for continuance in a criminal case involves both questions of law and fact, and cannot therefore be examined on appeal, because the jurisdiction of the appellate court in criminal cases is limited to questions of law alone. 23 Ann. 558.

State vs. Morgan.

The general rule is that two distinct offenses cannot be charged in *one count* of an indictment. But "the most prominent exception is to be found in indictments for burglary, in which it is correct to charge the defendant with having broken into the house with intent to commit a felony, and also with having committed the felony intended." Wharton's Criminal Practice, sec. 244. Same principle recognized in 34 Ann. 48, and authorities there quoted. On the same point we refer to 37 Ann. 780, State vs. Nichols. One indicted for burglary and larceny may be acquitted of burglary and found guilty of larceny. Wharton's Criminal Law, 8th ed. sec. 819.

*H. N. Sherburne* and *G. W. Buckner* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The defendant moved for a continuance on the ground of the absence of a material witness, who, he alleges in his motion, had been duly summoned. The name of the witness was Jim Smith, and one Jim Smith had been summoned and appeared, but defendant said it was not the man he referred to.

The judge allowed the sheriff to explain his action in the premises. He stated that on reception of the *subpœna* for Jim Smith he called on defendant for instructions, who told him he did not know his residence, but that he was "the Jim Smith who had been in jail in this parish and stayed around a woman named Bella Cannon," and could give no further description or direction. The Jim Smith summoned had been recently in jail and did stay about Bella Cannon and he had been unable to find any other Jim Smith.

Exception was taken to admission of this statement of the sheriff, but as it was, in fact, simply a full return of his action on the subpœna, the objection has no force.

The judge refused the continuance on the ground that the case had been fixed two weeks in advance, and the subpœna having been issued only two days before the trial, there was want of due diligence. This reason taken in connection with the absence of any suggestion in the motion that defendant knows, or has any means of ascertaining, the whereabouts of his witness, is sufficient.

I.

The indictment is for burglary and larceny charged in a single count. The accused asked the court to charge the jury that it "could find a verdict of burglary alone; " but the court charged that they could find a verdict for "both burglary and larceny, or either."

The jury found a verdict for larceny. This is assigned as error under an exception to the charge, and also in a motion in arrest.

We have twice sustained indictments assailed on the ground that charging burglary and larceny in the same count avoided them for duplicity. State vs. Johnson, 34 Ann. 48; State vs. Nicholls, 37 Ann. 779.

But in both of those cases the verdict was for burglary, or for burglary and larceny.

In the last case we suggested that, "had the verdict been for larceny alone, a different question might arise."

That question is directly presented in this case, and upon it we encounter a direct conflict of authorities. Mr. Wharton holds that, under such an indictment, verdict for larceny alone may be sustained. Wharton Cr. L., §§ 383, 560, 617, 1615.

Mr. Bishop, while holding that burglary and larceny may be charged together in a single count, construes such a charge to be only for a single offense, viz: burglary in a particular manner, and holds that it can support only a verdict for burglary. Bishop Cr. L. 1062.

The reason of the matter seems to us to support the principle of Wharton; for if the accused may be validly charged in the same count with both burglary and larceny, we cannot see why, on simple failure to prove the breaking into the house, as for instance, when the accused had simply entered the house through an open door, the accused should go free, although it might be fully proved that he then and there committed the larceny.

We therefore hold that the judge did not err in his charge to the prejudice of defendant.

Judgment affirmed.