## No. 230.

### THE STATE OF LOUISIANA VS. CÆSAR ROBINSON.

When an accused person is charged in separate counts with burglary and larceny and he confesses himself "guilty as charged," it is competent for the judge to sentence him to one term of imprisonment for the commission of burglary, and to another term for the commission of the larceny—the latt r to begin at tho expiration of the former.

APPEAL from the Tenth Judicial District, Parish of Red River. *Hall*, J.

---

*J. Henry Shepherd*, District Attorney, and *J.C. Pugh*, District Attorney, for the State, Appellee:

1. A general verdict operates as a conviction upon all the well charged counts of an indictment. Bish. Cr. Pr., sec. 1005; Frazier vs. State, 5 Misso., 536; People vs. Magallows, 15 Cal., 426 ; 49 Barb., 122.
2. Better practice is to make one sentence begin to run where the other ends. Bish. Crim. Pr., sec. 1327, and authorities noted.
3. A general verdict upon an indictment charging burglary and larceny in separate counts will authorize a separate sentence on each count.

*J. D. Roach* and *S. A. Hall* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J. The accused is charged in the indictment with burglary and larceny, in separate counts, and to the charge, in general terms, pleaded guilty. Thereupon the trial judge sentenced him to seven years' imprisonment for the commission of the burglary, and one year, in addition, for the commission of the larceny—the latter sentence to begin at the expiration of the former. From the judgment and sentence the accused appeals, and assigns as error that the judgment and sentence is contrary to law. The argument of his counsel is that, under a general verdict, rendered under an indictment containing several counts, the accused cannot be sentenced to cumulative punishments ; that inasmuch as there has been but one conviction there cannot be more than one punishment; that the effect of such a rule would be to cumulate several punishments for one offense, and under a single finding.

State vs. Robinson.

There is no statute on the subject, and the question has never been passed upon by this court, or its predecessors; hence the decision of it must rest on the principles of the common law.

On this subject Mr. Bishop formulates the following rule, viz:

"The courts hold, that, if a man in the night time breaks and enters a dwelling-house, intending to steal therein, and actually steals, he may be punished for two offenses or one, at the election of the power prosecuting him. If a single count of the indictment charges him with breaking, entering and stealing, they say his offense is single, being burglary committed in a particular manner; but, if the first count sets out, in the other form, the burglary as done by breaking and entering with intent to steal, then a second count may allege the larceny as a separate thing, and he may be convicted and sentenced for both." Vol. 1. Bishop's Crim. Pro., Sec. 1062 (fifth edition.)

The district attorney has drawn the bill under present consideration in conformity with the latter paragraph of the foregoing quotation; and it would seem to sanction the course pursued by the judge *a quo* in the instant case.

Reference to the record shows that the accused in open court withdrew his plea of not guilty and pleaded "guilty *as charged.*"

Now, inasmuch as he was charged with burglary and larceny, in separate counts, his plea of "guilty" extends to both; and as he confessed himself guilty of both, what good reason is there for saying that sentence for *both* could not be pronounced? There is none.

If it be permissible, under our law—and it assuredly is—for an accused person to be indicted as the defendant has been, it is equally permissible for the judge to sentence him accordingly upon conviction. R. S. Secs. 852; 1059.

In a certain sense separate counts are distinct indictments cumulated into one, in order that they may be tried by one jury. Oftentimes such offenses as may be thus cumulated for trial and sentence, are those that arise in a single transaction; and should the accused be separately indicted and tried, one trial might prove a bar to the other, and the ends of justice be, in part, defeated. Is it not equally clear that, if we should hold with defendant's counsel that but *one* punishment can be inflicted under such *dual* indictment, the ends of justice would be likewise defeated, and just to the same extent? We think so. What good purpose would be accomplished by thus permitting the cumulation of counts charging different offenses in one indictment, if but one punishment could be inflicted? None. This construction would defeat the law. We are of the opinion that the sentence and decree of the court are correct, and same are affirmed.