The opinion of the court was delivered by
McEnery, J.
The defendant was indicted in one count for burglary and petty larceny, and was convicted of petty larceny.
He objected to going to trial on the ground that he had been convicted in another case of an offence, and could not be tried and sentenced for any other, until the expiration of his sentence under the first conviction.
There is no reason why his trial for the second offence should be postponed until the expiration of the sentence under the first conviction. Public policy alone protests against such a course. Why should the defendant be permitted, because he has committed another crime, to postpone the trial? Why should the commission of the second offence give him a privilege which its wow-commission .would not have conferred ? Death of witnesses, their absence, the *1027 weakening of their memories as to the facts, and all the attendant advantages of a continuance would be in his favor, mu :h to the detriment of public interest, which requires a speedy trial of all offenders against the law. There is no sound reason why the defendant can not be tried and sentenced, the punishment to begin at the expiration of the first sentence imposed.
The judge charged the jury that under the indictment they could bring in a verdict of guilty of petty larceny. To this charge the defendant excepted.
The trial judge was in error for the reas.ons assigned in case of the State vs. same defendant, ante, p. 1024.
It is therefore ordered, adjudged and decreed that the verdict and sentence be set aside, and it is now ordered that this case be remanded to be proceeded with in due course of law aid in accordance with the views herein expressed.