That hereafter it shall be unlawful to set up or establish any drinking house.

Whatever power the town has, its ordinances should affect all alike.

For reasons assigned, the judgment appealed from is avoided, reversed, and annulled.

It is further ordered, adjudged, and decreed that the sentence is annulled, the fine set aside, and the defendant released.

---

(35 South. 916.)

· No. 15,096.

## STATE v. ROBERTSON.

(Feb. 1, 1904.)

LARCENY—VERDICT—SENTENCE.

1. Where a person is charged, under Act No. 107 of 1902, with stealing $30, an offense punishable by imprisonment, with or without hard labor, the question whether he stole that amount, or less, is one of fact, which is not answered by a verdict of "Guilty of larceny," since the accused would be equally guilty of larceny if he had stolen less than $20 or less than $5, offenses of lower grades, for which the punishment is lighter; and in such case the judge is without authority to impose sentence for the higher grade, since the jury may have convicted of the lower.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; T. Don Foster, Judge.

Dudley Robertson was convicted of larceny, and appeals. Reversed.

John Robert Davis, for appellant. Walter Guion, Atty. Gen., and Edwin Sidney Broussard, Dist. Atty. (Lewis Guion, of counsel), for the State.

## Statement.

MONROE, J. The defendant was indicted upon two counts—the one, for breaking and entering a store in the nighttime with intent to commit a crime; and the other, for stealing $30. He was convicted of "larceny," and has appealed from a sentence of imprisonment at hard labor for 18 months. His counsel presented to the district court a motion in arrest of judgment on the ground that the law grades the crime of larceny, and imposes one penalty for the larceny of property of greater, and another penalty for the larceny of property of less, value than $20; that it is the province of the jury to determine of which grade the accused is guilty; and that, in the absence of any finding by the jury upon that subject, the judge is unauthorized to impose sentence.

The motion was overruled for reasons stated by the judge a quo, substantially as follows:

That Act No. 107, p. 161, of 1902, "only goes so far as to state the penalty to be imposed for the larceny of property of different valuations," and is intended to guide the trial judge in imposing the sentence; that the accused was charged with having stolen $30 in currency; that he admitted that he had broken into the store from which the money was stolen; that he returned $18.71 of the money admitted to have been taken by him, and that there was no evidence as to what became of the balance.

## Opinion.

Article 155 of the Constitution requires the General Assembly to "grade all misdemeanors and minor offenses against the state and to fix the minimum and maximum penalties therefor," and Act 107, p. 161, of 1902, was passed in conformity to that requirement. Section 5 (page 162) of that act provides, inter alia, that "whoever shall be guilty of the larceny of property of less value than five dollars shall be imprisoned not more than sixty days nor less than ten days; if said property be of the value of five dollars, or more, but less than twenty dollars, the

punishment shall be imprisonment for not more than six months nor less than one month; if the value of said property be twenty dollars, or more, but less than one hundred dollars, the punishment shall be imprisonment, with, or without, hard labor, not exceeding two years and not less than three months," etc.

The offense charged in the first count of the indictment is necessarily punishable with hard labor, and upon that count the accused was entitled to be tried by a jury of 12. The offense charged in the second count may be, but is not necessarily, punishable by imprisonment at hard labor, and upon that count the accused was entitled to be tried by a jury of five. Rev. St. § 852; Act No. 107, p. 161, of 1902, supra; Const. art. 116. As the state proceeded upon both counts, a jury of 12 was properly impaneled, and its verdict was as necessary to his conviction of any offense as to his acquittal. Beyond this, in all criminal cases the jury are the exclusive judges of the facts on the question of the guilt or innocence of the accused (Const. art. 179); and where, as in the instant case, the grade of the offense depends upon a finding of fact, that fact must be found by the jury, the judge having no other function to discharge than to declare the penalty imposed by law for an offense of the grade so found. If the accused had been found "Guilty of larceny as charged," the case would have been different, since he was charged with having stolen property of the value of $30, and the law fixes the penalty. But he was found guilty of "larceny," and the trial judge, in order to justify the sentence imposed, was obliged to determine for himself that the accused had stolen more than $20—a fact, if it be a fact, which the jury may not have intended, and which the judge was not authorized, to find. "Where there is reasonable doubt as to value, conviction should be of the lower grade." A. & E. Ency of Law (2d Ed.) vol. 11, p. 467, note 2. To this may be added that where the offense of which the accused is convicted may be of the lower grade, he ought not to be sentenced for the higher.

There are several bills of exception in the record upon which we deem it unnecessary to pass.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment and verdict appealed from be set aside and annulled, and that the case be remanded to be further proceeded with according to law.