MONROE, J.
1. The indictment under which defendant was prosecuted reads, in part;
“That Hilaire Carriere, at the parish of St. Landry, on or about the 13th day of January, in the year * * *, in the daytime, * * * the dwelling house of James Houston, situated in the parish of St. Landry, feloniously and burglariously did break and enter, with the intent the goods of said James H. Houston, in said dwelling then being found there and in said dwelling house, feloniously and burglariously to steal, take, and carry away; and the said Hilaire Carriere, in said dwelling house, then feloniously and burglariously did steal, take, and carry away one watch, of the value of eighteen dollars, of the goods and chattels of James H. Houston.”
The judge charged the jury that the only verdicts they could find were “guilty” or “not guilty.” Whereupon defendant, through his counsel, requested that he charge that the jury might also bring in a verdict of larceny, which request was refused, and a bill was reserved.
2. Defendant moved in arrest of judgment on the ground that the indictment, charging two offenses in the same count, is void for duplicity, and he excepted to the overruling of his motion.
The points relied on are not well taken, for:
“While the general rule is that two distinctive offenses cannot be joined in one count in an indictment, it is a well-recognized exception to the rule that burglary and larceny * * * may be so charged, without making the indictment amenable to duplicity. If, in a single count, *1032 the indictment charges the breaking, entering, and stealing, the offense is single, being burglary committed in a particular manner.” Marr’s Crim. Jur. of La. p. 173, and note, pp. 173, 174—citing State v. Johnson, 34 La. Ann. 50; State v. Perry, 116 La. 231, 40 South. 686; State v. Nicholls, 37 La. Ann. 779; State v. King, 37 La. Ann. 662; State v. Brown, 35 La. Ann. 1058; State v. Depass, 31 La. Ann. 489; State v. Robinson, 40 La. Ann. 730, 5 South. 20.
3. We also find in the record a motion for new trial and a bill of exception to the oyerruling of the same, neither of which present any additional points.
Judgment affirmed.