(96 South. 556)

No. 25819.

## STATE v. HATAWAY.

(April 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Jury ☞4—Triable by jury of 5 or by judge at accused's option.**

   Larceny of an amount exceeding $100 is punishable by imprisonment with or without hard labor at judge's discretion, and is therefore triable under Const. 1921, art. 7, § 41, by jury of 5 or by judge at defendant's option.

2. **Jury ☞29(2, 5) — Triable by jury of 12, and such trial cannot be waived.**

   A prosecution for burglary of dwelling house with intent to steal is triable only by jury of 12 under Const. 1921, art. 7, § 41, and defendant cannot waive such trial or elect to be tried by less than 12 jurors or the judge alone.

3. **Jury ☞29(5)—Prosecution for offense punishable with or without hard labor cannot be tried by jury of 12.**

   Under Const. 1921, art. 7, §§ 41 and 42, prosecution for crime punishable with imprisonment with or without hard labor is triable by jury of 5, or, if defendant waives such trial, by the judge alone, and cannot be tried by jury of 12, even with defendant's consent.

4. **Indictment and information ☞129(1) — Offenses cannot be charged in same indictment unless subject to same mode of trial and nature of punishment.**

   The rule that two or more crimes committed in one transaction may be charged in different counts in one indictment is subject to qualification that they must be subject to same mode of trial and nature of punishment.

5. **Indictment and information ☞125(4l) — Accusation of larceny does not vitiate accusation for burglary, but the indictment is for burglary only.**

   Accusation of larceny in same count with accusation of burglary does not vitiate the indictment for burglary, but merely shows the unlawful intent, but the indictment is for burglary only, and the jury cannot convict accused of larceny.

6. **Indictment and information ☞129(2)—Larceny and burglary may be charged in different counts when the burglary is not necessarily punishable with hard labor.**

   A species of burglary punishable by imprisonment with or without hard labor, and

therefore triable by jury of 5, and larceny committed at the same time and place, may be charged in separate counts of the same indictment.

7. **Jury ☞4—Jury of 12 cannot be given jurisdiction by joining charges of burglary and larceny.**

   Under Const. 1921, art. 7, § 41, a jury of 12 cannot be given jurisdiction of the charge of larceny by cumulating therewith in separate count of the same indictment a charge of burglary of a dwelling house.

8. **Indictment and information ☞189(7)—Verdict for larceny not authorized under indictment for burglary.**

   Burglary and larceny are not grades of the same crime, and the rule that tribunal having jurisdiction of the crime charged may find verdict for any less serious crimes, the elements of which are essentially included in the crime charged, does not permit verdict for larceny under indictment for burglary.

   Overton and Land, JJ., dissenting.

---

Appeal from Thirteenth Judicial District Court, Parish of Rapides; J. A. Williams, Judge.

Elbert Hataway was convicted of petty larceny, and he appeals. Verdict and sentence annulled, and case remanded.

T. F. Hunter, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and T. A. Carter, Dist. Atty. pro tem., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, C. J. Appellant was prosecuted for burglary and grand larceny, was tried by a jury of 12, and convicted of petty larceny. The two accusations were made in separate counts in the bill of information, the first count charging the breaking and entering of a dwelling house with intent to steal, the second count charging larceny of goods valued at $150. The verdict was not guilty of either burglary or grand larceny, but "guilty of larceny, value $95."

Appellant did not have the assistance of counsel until the jury had rendered the verdict. He requested the judge to appoint an

attorney to represent him, after the trial had commenced and when several jurors had been drawn, but the judge refused the request, thinking it had come too late. After the verdict was rendered, but before sentence was pronounced, defendant procured the services of an attorney, who filed a motion for a new trial and a motion in arrest of judgment. The judge overruled both motions and sentenced defendant to imprisonment at hard labor in the penitentiary for a term not less than 18 months nor more than 2 years.

The most important question in the case is presented by the bill of exception taken to the overruling of the motion in arrest of judgment; that is, whether the jury of 12 had jurisdiction to try the case of larceny.

[1] In the statement per curiam annexed to the bill the judge has given a reason that is not tenable for saying that the jury of 12 had jurisdiction of the prosecution for larceny; that is, that the accusation was for "larceny in an amount exceeding $100." Larceny of an amount exceeding $100 is punishable by imprisonment for a term not exceeding 10 years, with or without hard labor, at the discretion of the judge, and is therefore triable by a jury of 5, or by the judge, at the option of the party accused.

[2] A prosecution for burglary of a dwelling house with intent to steal is triable only by a jury of 12, because the only penalty that can be imposed for the crime is imprisonment at hard labor. Const. 1921, art. 7, § 41 (Const. 1898 and 1913, art. 116). In such cases the defendant cannot legally waive the trial by a jury of 12, or elect to be tried by less than 12 jurors, or even by the judge alone. State v. Thompson, 104 La. 167, 28 South. 882.

[3] A prosecution for any crime for which the punishment is imprisonment either with or without hard labor, at the discretion of the court, is triable by a jury of only 5 members or by the judge alone, at the option of the defendant. Const. 1921, art. 7, §§ 41 and 42 (Const. 1898 and 1913, arts. 116 and 117). If the defendant, in such case, waives his right to a trial by a jury of 5, he must be tried by the judge alone. He cannot be tried by a jury of 12, even with his consent. In State v. Beebe, 127 La. 493, 53 South. 730, the defendant, being indicted for a crime for which the penalty was imprisonment with or without hard labor, at the discretion of the court, was, without objection on his part, tried by a jury of 12, and was convicted. This court set aside the verdict, saying that jurisdiction to try such a case could not be conferred upon a jury of 12, by the defendant's consent, any more than it could be thus conferred upon a jury of 3 or a mob of 50. And in State v. Reeves, 128 La. 37, 54 South. 415, the defendant, having been indicted for a crime for which the penalty was "imprisonment at hard labor or otherwise," was, without objection on his part, tried by a jury of 12, and was convicted and sent to the penitentiary. This court released him from the penitentiary on a writ of habeas corpus, and, declaring the conviction an absolute nullity, ordered the case returned to the docket of the district court "to be proceeded with as if no trial had been had."

The penalty of imprisonment for grand larceny in this state always has been either with or without hard labor, at the discretion of the judge. And so is the penalty for petty larceny, if the money or goods stolen be of the value of $20 or more. Under section 812 of the Revised Statutes, the penalty for the crime of larceny, no matter what amount of money or property was stolen, was imprisonment "at hard labor or otherwise, not exceeding two years." By section 8 of Act 124 of 1874, p. 223, the larceny of money or goods of the value of $100 or more was declared to be grand larceny, punishable by imprisonment with or without hard labor, at the discretion of the judge, for a term not exceed-

ing 10 years, and the larceny of money or goods of a value less than $100 was declared to be petty larceny, punishable by imprisonment with or without hard labor, at the discretion of the judge, for a term not exceeding 2 years. By section 5 of Act 107 of 1902, p. 162, petty larceny not accompanied by any sort of burglary or other crime is graded. If the amount of money or value of goods stolen is less than $20, the penalty of imprisonment is without hard labor, the term being from 10 to 60 days if the amount stolen is less than $5, and from 1 month to 6 months if the amount stolen is not less than $5, though less than $20. If the amount of money or value of property stolen is $20 or more, but less than $100, the penalty is imprisonment with or without hard labor, at the discretion of the court, for a term not exceeding 2 years nor less than 3 months. The same section of the act of 1902 makes the penalty for theft from the person of another, when not amounting to robbery, of money or goods of any value less than $100, imprisonment with or without hard labor, at the discretion of the judge, for a term not exceeding 3 months.

[4] In those jurisdictions where the crime of burglary and the crime of larceny are triable by the same tribunal, as by a jury of 12, the two crimes, if alleged to have been committed at the same time and place, may be charged in one indictment, provided the accusations be made in separate counts. But the rule that two or more crimes, if committed in one transaction, may be charged in one indictment, is subject to the qualification that the two or more crimes so charged "are subject to the same mode of trial and nature of punishment." 14 R. C. L. 197, citing Johnson v. State, 29 Ala. 62, 65 Am. Dec. 383; Bell v. State, 48 Ala. 684, 17 Am. Rep. 40; Lascelles v. State, 90 Ga. 347, 16 S. E. 945, 35 Am. St. Rep. 216, and note; Sarah v. State, 28 Miss. 267, 61 Am. Dec. 544; State

v. Houx, 109 Mo. 654, 19 S. W. 35, 32 Am. St. Rep. 686; State v. Carragin, 210 Mo. 351, 109 S. W. 553, 16 L. R. A. (N. S.) 561; and notes 48 Am. St. Rep. 961, and 49 Am. St. Rep. 771.

Before the adoption of the Constitution of 1879, all classes of criminal cases in this state were tried by 12 jurors. In article 7 of the Bill of Rights the Legislature was expressly authorized to provide for the trial of criminal cases by juries less than 12 in number, when the penalty for the crime was not necessarily imprisonment at hard labor or death. The Legislature, by Act 35 of 1880, provided for the trial of such cases by juries composed of only 5 members, with the proviso that, if the defendant waived his right to a trial by jury, he should be tried by the judge alone.

Before the enactment of the statute of 1880, when the crimes of burglary and larceny were subject to the same mode of trial, there was no objection to the charging of both crimes in one indictment, provided they were alleged to have been committed at the same time and place, and provided the accusations were made in separate counts. State v. Malloy, 30 La. Ann. 61; State v. Depass, 31 La. Ann. 487.

[5] It has always been the rule in this state, as in other jurisdictions, that an accusation of larceny made in the same count with an accusation of burglary does not vitiate the indictment for burglary, but merely shows the unlawful intent with which the breaking and entering was committed. When both crimes are charged in one count, however, the indictment is for burglary only. The jury cannot then convict the accused of larceny. Therefore, if the verdict in such case be "guilty" or "guilty as charged," the sentence must be within the penalty prescribed for the crime of burglary only. State v. Ford, 30 La. Ann. 311; State v. Christian, 30 La. Ann. 367; State v. Johnson, 34 La. Ann. 48; State v. King, 37 La. Ann. 662;

State v. Nicholls, 37 La. Ann. 779; State v. Robertson, 48 La. Ann. 1026, 20 South. 167; State v. Carriere, 127 La. 1029, 54 South. 339; State v. Fuselier, 134 La. 632, 64 South. 493. There was one decision to the contrary. That was in State v. Morgan, 39 La. Ann. 214, 1 South. 456. In that case the accused, being indicted for burglary and larceny in one count, requested the judge to charge the jury that a verdict of "guilty of larceny" would not be responsive; but the judge declined to give the charge, and instructed the jury, to the contrary, that the verdict could be for "both burglary and larceny, or either." The verdict was "guilty of larceny," and it was sustained on appeal. The decision, however, was, in effect, overruled by the rulings in State v. Robertson, 48 La. Ann. 1023, 20 South. 166; State v. Robertson, 48 La. Ann. 1026, 20 South. 167; State v. Carriere, 127 La. 1029, 54 South. 339; and State v. Fuselier, 134 La. 632, 64 South. 493. The language of the ruling in each of those cases is in direct contrast with the ruling in State v. Morgan, which had no precedent in our jurisprudence. The decision in State v. Brown, 35 La. Ann. 1058, appears, at first glance, to have been a precedent for the erroneous ruling in State v. Morgan; but the doctrine stated in State v. Brown is only an erroneous interpretation of the ruling theretofore made in State v. Johnson, 34 La. Ann. 50. In State v. Brown, it was said:

"It is settled that both offenses [burglary and larceny] may be charged in the same count of the indictment, without making the indictment amenable to duplicity.   Mulligan v. Kenny, 34 An. 50."

Mulligan v. Kenny, 34 La. Ann. 50, was, as its title indicates, a civil case, the report of which happened to begin on the same page on which the report of State v. Johnson ended. The ruling in the latter case was that an indictment for burglary and larceny, if made in one count, was an indictment for burglary only. In support of the ruling, the

court quoted Bishop's Criminal Law (6th Ed.) vol. 1, § 1062, viz.:

"If in a single count the indictment charges him with breaking, entering, and stealing, his offense is single, being burglary in a particular manner."

Therefore, except for the discordant note that was sounded accidentally in State v. Brown, and repeated in State v. Morgan, it is well settled that an indictment for burglary and larceny, if made in one count, is an indictment for burglary only.

[6] Of course, there can be no objection to including in an indictment for a species of burglary that is punishable by imprisonment with or without hard labor, and is therefore, like larceny, triable by a jury of 5, a separate count charging the crime of larceny, committed at the same time and place. That was the ruling in State v. Natcisse, 133 La. 584, 63 South. 182, where the burglary that was charged in the first count of the indictment was (under section 2 of Act 47 of 1890) punishable by imprisonment "with or without hard labor, at the discretion of the court," and was, like the crime of larceny, triable by a jury of 5.

[7] In several of the decisions which we have cited it was said that a prosecution under one indictment in two counts for two cognate offenses committed in one transaction was, in effect, a consolidation of two prosecutions in one case. The consolidation of two prosecutions for cognate offenses, triable by the same tribunal, was approved in State v. Fulco, 135 La. 269, 65 South. 239, and in State v. Bennett, 136 La. 334, 67 South. 22. But in a later case, State v. Nejin, 139 La. 912, 72 South. 452, it was held that two prosecutions for cognate offenses, committed in one transaction, could not be consolidated and tried as one case, if the two cases were not within the jurisdiction of one and the same tribunal, even with regard to the appellate jurisdiction. Nejin was prosecuted in the city court for violating, at one time,

a state statute and a municipal ordinance, by keeping a blind tiger, at a specified time and place, and he was convicted on both charges. In so far as the keeping of the blind tiger had violated the municipal ordinance, the case was appealable to the district court, but for the violation of the state statute the penalty imposed was sufficient to give this court appellate jurisdiction. In annulling the conviction, Chief Justice Monroe, for the court, said:

"It is obviously a legal impossibility, even if there be no objection, to consolidate two criminal prosecutions, for distinct offenses, cognizable on appeal in different courts, and try them as one case, with a single arraignment, plea, and conviction, and a single judgment imposing two sentences."

The reason for the ruling in that case is applicable here; that is, that the prosecution for the two offenses charged is not subject to one or the same method of procedure, or triable by the same tribunal or tribunals.

We must bear in mind that the Constitution of this state accords to any and every person accused of any crime for which the penalty is imprisonment with or without hard labor, at the discretion of the court, the absolute right to be tried either by a jury of 5 or by the judge alone, at the option of the party accused. Such a prosecution is not triable by any other tribunal. We must bear in mind, too, that the Constitution absolutely forbids a trial by the judge alone, or otherwise than by a jury of 12, of a person accused of any crime for which the penalty is necessarily imprisonment at hard labor. Above all, we must have in mind that in such case it requires the concurrence of only three-fourths of the number of jurors to render a verdict; whereas in cases triable by a jury of 5 the verdict must be unanimous. It cannot be that a district attorney or a grand jury, in the prosecution of a person for larceny, can, by cumulating the case with a prosecution for another crime, deprive the accused party of his constitutional right to be tried either by a jury of 5 or by the judge alone, at his own option, and deprive him also of the guaranty of an unanimous verdict in his case. We must not be confused by the proposition that in any criminal prosecution the jury may find the defendant not guilty of the crime charged, but guilty of a less serious crime, when all of the elements of the less serious crime are essentially included in the crime charged. The fundamental reason for that doctrine is that it is not possible, in such case, to accuse a person of the more serious crime without at the same time accusing him of the less serious crime. For example, it is not possible to accuse a person of murder without, at the same time, accusing him of manslaughter, or to accuse him of larceny of a specified sum of money without at the same time accusing him of stealing any less sum. The reason for the rule was stated accurately in State v. Malloy, 30 La. Ann. 63, and it has been repeated often, viz.:

"The jurisdiction of courts in criminal matters is governed by the offense charged or penalty imposed, just as that of civil tribunals is governed by the amount in dispute. If, on account of the absence of some ingredient of the offense charged, the offense is reduced to a less penal one of a kindred nature, the court may sentence for the lesser offense, although an indictment for that offense could not have been originally entertained by it, just as a civil court may on trial of a demand for a greater give judgment for a less amount than its jurisdiction originally embraces."

But a criminal prosecution or a civil action that is not within the jurisdiction of a particular tribunal cannot be brought within its jurisdiction by being cumulated with a prosecution or civil action of which the tribunal has jurisdiction.

[8] Burglary and larceny are not grades of one or the same crime. They do not belong to the same genus. The elements that constitute the crime of larceny are not essentially included in the crime of burglary.

A verdict for larceny, therefore, 'is not appropriate or responsive to an indictment for burglary. Hence the rule stated in State v. Malloy, that the tribunal having jurisdiction of the crime charged may find a verdict for any less serious crime the elements of which are essentially included in the crime charged, is not applicable, and has never been applied, to the crimes of burglary and larceny as belonging to the same family of crimes.

In State v. Desselles et al., 150 La. 494, 90 South. 773, there were two indictments filed at one time. In the first indictment the defendants were charged with burglary "with intént to steal two sacks of coffee, one sack of sugar, and one box of tobacco," described as belonging to three persons named in the indictment. In the second indictment the same three defendants were charged with larceny of the identical two sacks of coffee, one sack of sugar, and one box of tobacco, described in the indictment as belonging to the same three individuals named in the first indictment. The value of the goods was fixed at $100 in the indictment for larceny. The two crimes were alleged to have been committed on the same date. There was no possible doubt that the intention was to charge that the two crimes, burglary and larceny, were committed in one transaction. The two cases bore the docket numbers, respectively, 8536 and 8537, and were entered in the minutes as one case, thus: "State of Louisiana v. Louis Desselles et al., Nos. 8536–37, B. & L." The two indictments were treated as two counts in one indictment. There was only one arraignment, and one fixing of the cases for trial. Without any objection on the defendants' part, the two cases were tried together, before a jury of 12, as one prosecution for burglary and larceny. The jury found the defendants not guilty of burglary, but guilty of larceny of goods of a value more than $20, but less than $100. The prosecution for burglary was triable only by a jury of 12 (under section 1 of Act 47 of 1890), but the prosecution for larceny was triable by a jury of 5, or by the judge, at the option of the defendants. After conviction, the defendants filed a motion in arrest of judgment, which the district judge overruled, on the ground that the two indictments had been by tacit consent dealt with as two counts in one indictment. On appeal we reversed the ruling; and, paraphrasing the language used in State v. Nejin, supra, we said that, even with the defendants' consent, it was a legal impossibility to consolidate two criminal prosecutions for distinct offenses, triable before different tribunals of original jurisdiction, and try them as one case. In the course of the opinion, containing a review of the jurisprudence on the subject, we made it quite plain that the result would have been the same if the two accusations had been made in separate counts in one indictment or bill of information. Two members of the court as now constituted and two who have since retired concurred only in the decree in State v. Desselles, because the two accusations in that case were not made in one indictment, and because, therefore, they deemed it not necessary to say whether the result would have been the same if the two accusations had been made in separate counts of one indictment. But, the question of authority of the jury of 12 to try a case of larceny being jurisdictional, which cannot be affected even by the consent of the defendant himself, it makes no difference, in principle, whether the cumulation of such a prosecution with a prosecution for burglary be made in two indictments or in separate counts of one indictment. If the jurisdiction to try the case of larceny cannot be conferred upon the jury of 12, even by consent, by the one method of cumulating two prosecutions, it cannot be done by the other method of cumulating the two prosecutions.

In a later case (State v. Stephens, 150 La. 944, 91 South. 349, 23 A. L. R. 286) the defendant was charged with burglary and larceny in one count, and was found "guilty as charged." On appeal, it was found that the charge of burglary was not valid, and with regard to the larceny it was said:

"No sentence at all can be imposed. For, while the indictment is good for larceny, and the accused may be said to have been tried for, and found guilty of, that offense, as well as of entering a store with intent to steal, it has been by an incompetent tribunal—a jury—whereas, by article 7, § 41, of the Constitution, 'all cases in which the punishment may not be at hard labor shall * * * be tried by the judge without a jury,' and the larceny charged, being of less than $20, is not so punishable. Act 107 of 1902, supra.

"The verdict and sentence are therefore annulled, and the case is remanded for trial for larceny."

It has been suggested that there is some significance in the use of the word "cases" in section 41 of article 7 of the Constitution of 1921 (the same as article 116 of the Constitutions of 1898 and of 1913), in declaring what cases shall be tried by a jury of 12 and require a unanimous verdict, what cases shall be decided by the concurrence of 9 jurors, what cases shall be tried by a jury of 5, and what cases shall be tried by the judge alone. It is suggested that, if the writers of the Constitution had used the word "crimes" or the word "offenses," instead of the word "cases," they would have forbidden a cumulation of two prosecutions for different classes of "crimes" or "offenses," but that, by using the word "cases," they have allowed the cumulation of different classes of crimes or offenses in one case. That process of reasoning, however, works the other way. If a prosecution for burglary and larceny, in two separate counts of one indictment, must be viewed very strictly and technically as one case, it is a case in which the penalty of imprisonment is not necessarily at hard labor. And that would be always

the case in a prosecution for burglary and larceny, in separate counts of an indictment.

There are expressions in the opinions rendered in five cases decided by this court that are misleading on this subject, all of which, however, were explained in our opinion in the recent case of State v. Desselles, viz.: State v. Robinson, 40 La. Ann. 730, 5 South. 20; State v. Huey, 48 La. Ann. 1382, 20 South. 915; State v. Robertson, 111 La. 809, 35 South. 916; State v. Perry, 116 La. 231, 40 South. 686; and State v. Lewis, 129 La. 800, 56 South. 893. We will now give a more thorough analysis of each of the five decisions, which will demonstrate that none of them is authority for the proposition that, in this state, a jury of 12 can be given jurisdiction to try a prosecution for larceny by cumulating the charge with a charge of burglary, viz.:

In State v. Robinson, 40 La. Ann. 730, 5 South. 20, the defendant, being indicted in separate counts of an indictment for burglary and larceny, pleaded guilty, as he had a right to do, when arraigned before the judge. Therefore there was no question of jurisdiction in the case.

In State v. Huey, 48 La. Ann. 1382, 20 South. 915, the question of jurisdiction of a jury of 12 to try a case of larceny was not suggested, and it does not seem to have been thought of. The entire opinion is expressed in one sentence, in the erroneous statement that it was well settled that the crimes of burglary and larceny might be charged in one indictment in separate counts. In support of the statement the court cited four decisions, viz.: State v. Depass, 31 La. Ann. 487; State v. King, 37 La. Ann. 662; State v. Nicholls, 37 La. Ann. 779; and State v. Morgan, 39 La. Ann. 214, 1 South. 456. The case of State v. Depass was decided in May, 1879, when the crimes of burglary and larceny were both triable by jury of 12. In State v. King and in State v. Nicholls bur-

glary and larceny were charged in one count, and the ruling was that the indictment was good for burglary only. In State v. Morgan also both crimes were charged in one count, and the ruling in the case, as we have already shown, stands alone, and has been virtually overruled. It would therefore be unwise to follow the ruling in State v. Huey as authority.

In State v. Robertson, 111 La. 809, 35 South. 916, the indictment, in two counts, was for burglary and for the larceny of $30. The verdict was "guilty of larceny." The defendant filed a motion in arrest of judgment, contending that the verdict was not valid, because of the failure of the jury to state the grade of larceny. The question of jurisdiction over the crime of larceny was not suggested in any way. This court sustained the motion in arrest, for the reason only that the verdict did not specify the grade of larceny. What was said thereafter with regard to the tribunal having jurisdiction over the crime of larceny was not at all pertinent to the question that was decided, and was therefore perhaps not seriously considered. It would therefore be wrong to regard the decision as authority for the proposition that a prosecution for larceny may be tried by a jury of 12 by being tacked to a charge of burglary.

In State v. Perry, 116 La. 231, 40 South. 686, the indictment, in two counts, was for burglary and the larceny of goods valued at $22. The case was tried by a jury of 12, who found the defendant guilty of burglary and of larceny of goods valued at $16. The defendant's attorney filed a motion in arrest of judgment, contending that the jury of 12 did not have jurisdiction of the prosecution for larceny. Thereupon the district attorney, with leave of the court, entered a nolle prosequi of the charge of larceny, to which the defendant's attorney objected, contending that the entire conviction should be set aside. The objection was overruled, because, as was stated by the judge, the evidence that had been introduced to prove larceny was admissible in the prosecution for burglary to show the unlawful intent with which the breaking and entering had been committed. This court sustained the ruling, citing ample authority for the proposition that the district attorney had the right to enter a nolle prosequi of the charge of larceny, as well after as before the trial. Having so ruled, the author of the opinion went on to say that the crimes of burglary and larceny might be charged in the same count or in separate counts of the same indictment; and, in support of the statement, he cited three decisions (together with the erroneous and overruled decisions in State v. Brown and State v. Morgan), where the two crimes were charged in one count and the ruling was that the charge was for burglary only, and there was cited also the dictum in State v. Huey, by the author of the opinion in State v. Perry. The dictum in the latter case is also founded upon the erroneous assumption that the crime of larceny alone was triable by a jury of 12, which statement was corrected in the subsequent opinion by the same author in State v. Lewis. What was said in State v. Perry, therefore, after the court had ruled that the nolle prosequi of the charge of larceny was validly entered, was not at all necessary or pertinent to the decision.

In State v. Lewis, 129 La. 800, 56 South. 893, the prosecution, in separate counts of the indictment, for burglary and larceny, was tried by a jury of 12, and the verdict was "guilty as charged." By motion in arrest of judgment the defendant challenged the jurisdiction of the jury of 12 to try the case of larceny. The judge overruled the motion and sentenced the defendant for a term of imprisonment only half as long as the maximum term for which he might have been sentenced for the crime of burglary alone. The sentence was affirmed, for the simple

reason, which we quote from the opinion, viz.:

"In the instant case the sentence imposed is much lighter than might have been imposed for the burglary, with intent to steal, charged in the first count of the indictment, and we find no reason to disturb it."

In the course of the opinion, in State v. Lewis, the correct doctrine was repeated that, when burglary and larceny are charged in one count, the indictment is for burglary only. It was also said that the proper course for the district attorney to have pursued in the case then under consideration was to have entered a nolle prosequi of the charge of larceny, as was done in State v. Perry. But the sentence was affirmed, as we have said, on the theory that it had been imposed for the crime of burglary only. In the course of the opinion in State v. Lewis there is a repetition of the dictum that was expressed in State v. Robertson and repeated in State v. Perry. The expressions in State v. Lewis, however, are founded, in large measure, on an error with regard to the decision by Mr. Justice Spencer in State v. Malloy, 30 La. Ann. 61. That case, we must bear in mind, was decided in January, 1878, when the crime of larceny was triable by a jury of 12. Therefore the question of jurisdiction of the jury of 12 to try the defendant for larceny as well as for burglary was not presented, and could not have been thought of. The indictment was, in separate counts, for the burglary of a shop and the larceny of goods valued at $150. The case was tried in what was then called the superior criminal court, in New Orleans. The defendant was found not guilty of burglary, but guilty of petty larceny. By motion in arrest of judgment, his attorney contended that the verdict had divested the court of jurisdiction over the crime of grand larceny, charged in the indictment. Now in the statement of the facts of that case, in the case of State v. Lewis, it was said that, although the superior criminal

court had had jurisdiction of the prosecution for burglary, it had not had jurisdiction of the crime of larceny charged in the second count of the indictment. And, reasoning from that false premise, the language of Mr. Justice Spencer was given the wrong meaning (in State v. Lewis), that the superior criminal court had acquired jurisdiction of the prosecution for larceny merely because the charge was tacked to the charge of burglary, of which the court had originally had jurisdiction. The ruling was merely that the court, having jurisdiction of the charge of grand larceny, had jurisdiction as well to render a verdict of petty larceny as to render a verdict of not guilty. The first section of the statute creating the superior criminal court (Act 124 of 1874, p. 220) enumerated the crimes of which the court had jurisdiction, the conclusion of which was, "and the crime of grand larceny, as defined in this act." Grand and petty larceny were defined in the eighth section of the act. The ruling in State v. Malloy, therefore, is not authority for the proposition that jurisdiction over an accusation of larceny can be conferred upon any tribunal that has jurisdiction over a charge of burglary, by cumulating with the charge of larceny a charge of burglary. In truth, there is no authority whatever in our jurisprudence for such a doctrine.

In State v. County, 117 La. 419, 41 South. 702, the question of the jury's having jurisdiction to try the case of larceny as well as the case of burglary was not considered or thought of. It does not appear whether the case was tried by a jury of 12 or a jury of 5. The ruling on the sufficiency of the verdict for larceny was directly contrary to the ruling that had been made in State v. Robertson, 111 La. 809, 35 South. 916, which was not referred to.

In State v. Warner, 117 La. 938, 42 South. 432, the question of jurisdiction was not mentioned. The statement that a general

verdict of "guilty," on an indictment for burglary and larceny in separate counts, warrants a sentence for both crimes, is not sustained by the authorities cited to sustain it, viz.: Wharton's Criminal Law, § 3048; State v. Nicholls, 37 La. Ann. 779; and State v. Crenshaw, 45 La. Ann. 496, 12 South. 628. In State v. Nicholls, as we have shown, the indictment for burglary and larceny was in one count, and the ruling was that the verdict, "Guilty of burglary and larceny," was valid for burglary only, committed in the particular manner charged. In State v. Crenshaw, a sentence for only three years, on a verdict, "Guilty as charged in the indictment," under an indictment charging burglary and larceny in separate counts, was sustained, on the authority of State v. Nicholls, supra, and Wharton's Criminal Law, vol. 3, § 3048; the last paragraph quoted being:

"Where there is a general verdict of guilty upon several counts relating to the same transaction, the practice is to pass judgment on the count charging the highest grade of offense."

The question of jurisdiction of a jury of 12 to try the accused for larceny was not presented or thought of in State v. Crenshaw. The statement in State v. Warner that, on a verdict of guilty, under an indictment for burglary and larceny in separate counts, sentences for both crimes may be imposed, is not true in Louisiana.

In State v. Patterson, 150 La. 114, 90 South. 532, where the court said merely that burglary and larceny could be charged in the same count of an indictment without rendering it amenable to the charge of duplicity, the question of jurisdiction over the charge of larceny was not presented or thought of. It was not denied that an indictment for burglary and larceny in one count was an indictment for burglary only. On the contrary, the author of the opinion cited the text-writers saying that an indict-

ment for burglary and larceny in one count was an indictment for burglary only, viz.: Bishop, Crim. Proc. § 439; Bishop, Crim. Law, 1062; Wharton, Cr. Law, 560–565, 616, 1615. The author of the opinion in State v. Patterson cited also State v. Nicholls, 37 La. Ann. 779, where, as we have shown, the ruling was that an indictment for burglary and larceny in one count was valid for burglary only. And he cited State v. Brown, 35 La. Ann. 1059, State v. Johnson, 34 La. Ann. 49, and State v. Depass, 31 La. Ann. 489. The ruling in State v. Brown, as we have shown, was merely an erroneous quotation or interpretation of the ruling in State v. Johnson, where it was held, properly, that an indictment for burglary and larceny in one count was an indictment for burglary only, quoting Bishop's Crim. Law (6th Ed.) vol. 1, § 1062. The decision in State v. Depass, as we have shown, was rendered in May, 1879, before the adoption of the Constitution of that year (adopted July 23, 1879), and at a time when the crime of larceny, like burglary, was triable by a jury of 12.

Our conclusion is that the motion in arrest of judgment was well founded.

The questions presented by the bill of exceptions taken to the overruling of the motion for a new trial are not apt to occur again and need not be considered.

By way of apology for the length of this opinion, let it be said that we have deemed it necessary, and have endeavored, to reconcile the divers and diverse expressions of opinion in our jurisprudence on this subject. This case was not briefed nor argued orally for either side. The attorney for appellant perhaps had faith that we would adhere to our ruling in State v. Desselles; and the state's attorneys were equally justified in their belief that we would not so soon reverse our judgment.

The verdict and sentence are annulled, and it is ordered that this case be remanded for

further proceedings not inconsistent with the foregoing opinion.

LAND, J., dissents.

OVERTON, J. (dissenting). Until comparatively recent times one accused of crime enjoyed the right of trial by jury; that is, by the historic jury of 12, whether he was charged with misdemeanor, felony, or treason. In 1879, however, a partial departure from the above rule was deemed advisable, and the General Assembly was authorized, by the Constitution of that year, to provide for the trial of cases in which the penalty was not necessarily imprisonment at hard labor, or was not death, by a jury composed of less than 12 members. Even in those cases, however, the right to a trial by a jury of 12 was retained, subject only to the right vested in the General Assembly to provide for their trial by a jury of less than that number. Constitution 1879, art. 7. In the last paragraph of article 117 of the Constitution cited, the General Assembly was directed to provide for special juries to serve at other than regular jury terms, when necessary, for the trial of criminal cases; and, pursuant to that article and to article 7, it adopted Act 35 of 1880, by which it authorized district judges, "at terms other than regular jury terms," to order a special jury, and to designate the number of jurors to be drawn for the venire, 'for the trial of all criminal cases in which the penalty was not necessarily imprisonment at hard labor or death. The act provided that all trials held under its provisions should be before a jury composed of 5 members. Act 35 of 1880. See, also, State v. White, 33 La. Ann. 1220; State v. Briggs, 34 La. Ann. 69; State v. Everage, 33 La. Ann. 120.

In 1898 a more decided and far-reaching change was made. The Constitution adopted in that year provided that all cases in which the punishment was not at hard labor should be tried by the court without a jury until otherwise provided by law, which should not be prior to 1904; that cases in which the punishment was with or without hard labor should be tried by a jury of 5, all of whom were required to concur to render a verdict; that cases in which the punishment was necessarily at hard labor, by a jury of 12, 9 of whom were required to concur to render a verdict; and that cases in which the punishment might be death, by a jury of 12, all of whom had to concur to render a verdict. Constitution 1898, art. 116. This provision was carried into the Constitution of 1913 verbatim, except that there was no limitation placed on the power of the General Assembly to permit trial by jury in cases not punishable at hard labor, but that body was expressly authorized to grant the privilege whenever it saw proper. Constitution 1913, art. 116. The provisions of the Constitution of 1913 relative to jury trial were carried verbatim into the present Constitution, under which this case is to be determined. Constitution 1921, art. 7, § 41, p. 50.

It is obvious that the purpose sought to be accomplished by the Constitution of 1879, in authorizing the General Assembly to provide in a certain class of cases for trial by a jury composed of less than 12, was to expedite the trial of such cases, and to lessen the cost of criminal procedure; it being considered that this could be done without affecting injuriously the administration of justice. It is likewise obvious that, when the constitutional convention of 1898 went even further than the convention of 1879, by adopting the provision mentioned relative to the trial of criminal cases, its purpose was the same, though more enlarged, as that of the convention of 1879, and that the purpose of keeping down criminal expenses and expediting criminal trials was the end in view that prompted the carrying into the Constitution of 1913, and thence into the Constitution of 1921, the provisions of that of 1898, with the unimportant exception mentioned above, relative to the

limitation on the power of the General Assembly to provide for trial by jury, where none was granted by the Constitution of 1898 —a limitation which, prior to the adoption of the Constitution of 1913, had expired by the lapse of time.

No other purpose, in my view, can be assigned for including the above provisions in the Constitutions mentioned than the one named. This court, in the case of State v. White, in interpreting article 7 of the Constitution of 1879, which, as stated, authorized the General Assembly to provide for the trial of a certain class of criminal cases by a jury of less than 12, said that the purpose of the article was to provide for the more speedy trial of such cases and to reduce criminal expenses, and, later, in passing on a case arising under the Constitution of 1898, in interpreting article 116 of that instrument, ascribed substantially the same purpose to that article, when the court said:

"It is obvious that it requires a greater expenditure of time and money to attain results in criminal prosecutions by means of trials by juries of 12, where all must agree, than by such juries, where 9, concurring, may bring in the verdicts; that juries of 12, where 9, concurring, may bring in the verdicts, are slower and more expensive than juries of 5; that results are facilitated and expenses reduced when the juries of 5 are waived, or when, without such waivers, the judges try the cases. From which, and from common knowledge upon the subject, we are satisfied that the purpose, and the only purpose, of the framers of the Constitution, in providing the different methods of trial thus mentioned, was to facilitate, expedite, and reduce expense in the administration of criminal justice." State v. Lewis, 129 La. 800, 56 South. 893.

It is this purpose of the Constitution of 1898, continued in the present organic law, which must be kept in view in construing the latter instrument. As stated in Corpus Juris, p. 700, § 43:

"The fundamental purpose in construing constitutional provisions is to ascertain and give effect to the intent of the framers and of the people who adopted it. The court, therefore, should constantly keep in mind the object sought to be accomplished by its adoption, and the evils, if any, sought to be prevented or remedied. Constitutional provisions are presumed to have been more carefully and deliberately framed than is the case with statutes; hence it is sometimes said that less latitude should be indulged by the courts in their construction. On the other hand, it is a well-settled principle of constitutional construction that such construction should not be technical, and should be neither liberal nor strict, but the courts should aim to give effect to the purpose indicated by a fair interpretation of the language used."

Section 41 of article 7 of the Constitution of 1921, relative to the methods of trial by jury, in my view, may be, and should be, interpreted so as to authorize the trial of an offense, not necessarily punishable at hard labor, by a jury of 12, under certain circumstances. These circumstances arise when the offenses charged are of kindred character, and grow out of the same transaction, and may be charged in the same indictment or information, in separate counts, and are so charged. It is not a sufficient answer to this statement to say that such offenses cannot be incorporated in separate counts in an indictment or information, for the reason that they are not triable in the same manner, and before the same tribunal, for the question is whether they are so triable. If they are so triable, there is no reason why they should not be incorporated in the same indictment.

The language of section 41 of article 7 of the Constitution of 1921 is sufficiently broad to permit two offenses of kindred character, and growing out of the same transaction, such as burglary and larceny, when the larceny is charged to have been committed in connection with the burglary, to be joined in separate counts, in the same indictment or information, and to be tried before the tribunal having jurisdiction of the greater offense, and in the same manner in which that offense is triable, although, if the offenses were tried separately, each would be triable before a

different tribunal. The language of section 41 is not that offenses necessarily punishable at hard labor shall be tried by a jury of 12, or that offenses punishable with or without hard labor, at the discretion of the court, shall be tried by a jury of 5, or by the court, but that "cases, in which the punishment is necessarily at hard labor, by a jury of twelve," and "cases in which the punishment may be at hard labor," by a jury of 5, reserving to the defendant, in section 42, in the latter class of cases, the right to waive trial by jury, and to be tried by the court. In my view, the constitutional convention used the word "cases" advisedly, and intended that the word should be given its broadest signification. The convention was seeking to accomplish its purpose of keeping down criminal expenses, and of expediting the trial of criminal cases, without injuriously affecting the administration of justice, and hence used the word "cases" instead of "offenses," on the theory that two or more offenses might be charged in separate counts, in the same indictment or information, and constitute but one case, and be docketed and tried as such. The convention of 1921 realized fully, as did the one of 1898, that there were instances in which the above might be the case, and neither did it nor the convention of 1898 intend or desire to change criminal procedure in that respect, although it might be that the punishment for one of the offenses should be necessarily imprisonment at hard labor, and for the other imprisonment with or without hard labor. Such a change would have been directly in conflict with the purpose of those conventions in adopting the constitutional provisions mentioned. It would have increased the expense of trying such cases by requiring two trials where before only one was necessary, and, moreover, instead of expediting criminal trials in the class of cases under consideration, the change would have had a direct tendency, without promoting the interests of justice, to retard them. Hence the conventions of 1898 and 1921 were careful, in framing the provisions relative to trial by jury, contained in the Constitutions adopted and promulgated by them, to use such language as to permit the purpose they had in view to be accomplished. Under the language used, considered in connection with the purpose in view, it was the intention that, if the case should be one charging two kindred offenses, growing out of the same transaction, and charged in separate counts, it should be the more penal offense that should characterize the case, and be determinative of the method of trial, when the prisoner is to be tried for both offenses at the same time.

In the case of State v. Lewis, from which I have quoted above, such was substantially the view taken by this court under the Constitution of 1898. In the present case the majority opinion, however, takes the position that the Lewis Case is not precedent herein, for the reason that the Lewis Case does not turn on the question as to whether the jury, of 12 had jurisdiction of the larceny as well as of the burglary, but on the point that the trial court imposed but one sentence, which was less than the maximum sentence it had a right to impose on the conviction for burglary, and hence that the court in the Lewis Case refused to disturb the verdict and sentence. In my view, however, the judgment in the Lewis Case was affirmed on two grounds: First, on the ground that when the larceny is charged, in a separate count, as having been committed in connection with the burglary, and the accused is tried on both counts, at the same time, the jury having jurisdiction of the burglary also has jurisdiction of the larceny; and, secondly, where there is a conviction on both counts, and the judge imposes but one sentence, which is less than the maximum for burglary, the court will not disturb the sentence.

That the court decided the case on both

grounds, and especially on the first one mentioned, appears from the following facts: The opinion, after stating the two charges preferred against the prisoner, and after observing that the charges were laid in separate counts, and that the prisoner was found "guilty as charged," and sentenced to five years at hard labor, states that in this court the prisoner complained because he was tried for larceny by a jury of 12, whereas that offense, not being necessarily punishable at hard labor, was required by the Constitution to be tried by a jury of 5. The opinion then considers fully the right of a trial court to try a prisoner for larceny, under the conditions mentioned above, with a jury of 12, and, after having considered the question in connection with the kindred question as to whether, if an accused be charged with an offense triable by. a jury of 12, the jury may acquit him of it, and find him guilty of an offense included in the one charged, which, had it been charged as the one committed, would not have been triable by a jury of 12, draws the following conclusion:

"Our conclusion upon the question which we have been considering, then, is that article 116 of the Constitution [of 1898] has no such application to criminal prosecutions, in which, under established jurisprudence, the charge of a higher includes, *or may have joined with it*, in the same indictment or information, that of a lower offense, as to prevent the tribunal having jurisdiction of such higher offenses from convicting of such lower offense so included *or joined*, and that the opinions upon that question heretofore handed down in the cases of State v. Fruge, 106 La. 694, 31 South. 323, and State v. Perry, 116 La. 231, 40 South. 686, should be affirmed." (Italics mine.)

It therefore appears that the court decided the question submitted to it as to whether the jury of 12 had jurisdiction to return a verdict on the count for larceny. After having decided that it had, the court then calls attention to the intimate relation between burglary with intent to steal and larceny, though it observes that they are distinct of-

fenses, and, while they may be charged either in one count or in separate counts, yet that, if charged in one count, only one sentence may be imposed, and, if charged in separate counts, and a general verdict of guilty is rendered, that the better practice would seem to be for the district attorney to enter a nolle prosequi as to the larceny and ask for sentence only on the count for burglary, but that, as larceny is not included in burglary, it would hardly be considered reversible error if the court were to impose a cumulative sentence, where there was a verdict of guilty on both counts and the district attorney failed to enter a nolle prosequi on the one for larceny. The court then discusses the proper course to be pursued in imposing sentence, and, after stating that "the more approved practice is to impose the penalty appropriate to the higher offence," concludes this phase of the case by saying:

"In the instant case the sentence imposed is much lighter than might have been imposed for the burglary with intent to steal charged in the first count of the indictment, and we find no reason to disturb it."

I therefore think it clear that the decision rests chiefly on the ruling that the jury had jurisdiction to return a verdict on the count for larceny, and not alone on the sentence actually imposed, though possibly, had the court seen proper, it might have rested it entirely on the latter ground, and certainly could have done so on the former.

For the above reasons, I think the Lewis Case should be considered as precedent in the case at bar, and should not be differentiated from it.

The majority opinion cites State v. Desselles et al., 150 La. 494, 90 South. 773, in support of the conclusion reached by the majority. However, the Desselles Case, in my view, should not be considered as precedent. As recognized by the majority opinion, the opinion in the Desselles Case was not concurred

in by four of the members of the court. Only three signed the opinion and decree, the remaining justices concurring only in the latter. An opinion concurred in by only a minority of the court cannot have the force of precedent.

As the opinion handed down by the majority, in my view, gives no effect to the manifest purpose of section 41 of article 7 of the Constitution of 1921, but, to the contrary, partially defeats its purpose by requiring two trials, where before the change in the method of trial by jury only one was necessary, the result of which requirement is, contrary to the purpose of the section cited, to increase criminal expenses and to retard criminal trials in that class of cases affected by the decision, and in some instances to hold unnecessarily an accused in jail awaiting what virtually amounts to a second trial, I respectfully dissent from the views and decree of the majority.

LAND, J., concurs.