## No. 119.

### THE STATE OF LOUISIANA VS. THOMAS BROWN.

The Judge does not err in refusing to give to the jury a charge, however legal, which is evidently covered by previous charges. Such charge is unnecessary.

Sentence can be legally passed on a conviction of guilt of *larceny*, although the indictment was for *burglary* and *larceny* and the verdict was on *both*, and the indictment, fatally defective on the count for *burglary*, was, with the verdict, to that extent quashed on a motion in arrest.

The indictment and verdict on the charge of *larceny*, which is an offense not necessarily connected, remained perfect and were a good foundation for the sentence.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Hudspeth*, J.

*F. F. Perrodin*, District Attorney, for the State, Appellee.

*L. Dupré* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant was indicted and tried for burglary and larceny. The indictment having been quashed on a motion in arrest, in so far as it charged burglary, the court proceeded to pass judgment on the prisoner and sentenced him to eighteen months' imprisonment at hard labor in the State penitentiary.

He appeals from the judgment and sentence.

His counsel alleges as errors:

1.   That the Judge erred in refusing to charge the jury:   "If the jury can arrive at any other conclusion than that of the guilt of the accused, they must acquit."

2.   That the indictment being fatally defective in one respect, as far as it charged burglary, it should have been avoided as a whole.

### I.

The District Judge rightfully declined to charge as requested.

The bill shows, that the court had first charged the jury, that the prisoner must be given the benefit of every reasonable doubt; that, under the law, every man charged with the commission of a crime was presumed to be innocent, until the contrary was proved beyond a reasonable doubt, and that accordingly, after weighing and sifting the evidence submitted to them, if the jury found that there existed a reasonable doubt in their mind of the guilt of the prisoner, then and in that event their duty was to give him the benefit of such doubt and acquit him, and that they could only convict him when satisfied that the case had been made out against him beyond such reasonable doubt. Proceeding further, the court explained fully the meaning of reasonable doubt.

The charge asked was covered by those previously given and therefore unnecessary.

The prisoner does not show that he objected to the charge and explanation thus given and which appear to be fair, impartial and legal. It is impossible to conceive how the prisoner, by the refusal of the Judge to give the charge asked, could in the least have been injured.

## II.

The indictment charged burglary and larceny. The prisoner was tried and convicted of both charges. It is settled that both offenses may be charged in the same count of the indictment, without making the indictment amenable to duplicity. 34 An. 50, and authorities there cited.

The indictment could have been quashed as far as it charged burglary, as well before as after trial. In the first instance, the case could have proceeded on the charge of larceny, which was not necessarily connected. In the second, sentence could be passed on the conviction of guilt of larceny.

Wharton on Crim. Ev. 138, says:

" All unnecessary words may, on trial, or arrest of judgment, be rejected as surplusage, if the instrument would be good on striking them out. Even an indictment, on its face made defective by insensible or repugnant allegations, may, by discharging phrases which destroy or pervert its meaning in this way, be made good, the noxious surplusage being discharged upon motion in arrest of judgment." See 18 N. H. 563.

The action of the District Judge is sustained by additional reasons set forth in his opinion.

After striking out the part of the charge in which the burglary was attempted to be set forth and the verdict on it, the charge and conviction of larceny remained perfect in all their parts.

Under such circumstances the court was authorized to pass sentence. Judgment affirmed.