MONROE, J.
Defendant, being charged in separate counts of the same information (1) with breaking and entering a dwelling house in the daytime with intent to steal, and (2) with the larceny at the same time and place of one man’s coat, of the value of $10, and one silver watch, of the value of $12, was tried by a jury of 12 and found guilty on both counts; the value of the goods being fixed at $16. He then filed a motion in arrest of judgment, in which he avers that the two offenses could not lawfully be prosecuted under the same information; that the burglary charged is a felony, triable by a jury of 12, 9 of whom concurring may find a verdict, whilst the larceny charged is triable by a jury of 5, all of whom must concur to render a verdict; and that the result of his being tried on both charges at the same time was to deprive him of his right to be tried on the charge of larceny by a jury of 5.
*234 Upon the filing of this motion the district attorney moved the court for'permission to •enter a nolle prosequi as to the charge of larceny, to which the defendant through his counsel objected, on the ground that he was entitled to have the entire conviction set aside, and that a nolle prosequi could not be entered after conviction; and,'the objections having been overruled, on the ground that all the evidence heard by the jury was admissible to prove intent on the charge of burglary with intent to steal, the defendant took his bills of exception.
We find no error in the ruling complained of. It is well settled that burglary and larceny may be charged in the same count or in separate counts of the same indictment or information. State v. Johnson, 34 La. Ann. 48; State v. Brown, 35 La. Ann. 1058; State v. King, 37 La. Ann. 662; State v. Nicholls, 37 La. Ann. 779; State v. Morgan, 39 La. Ann. 215, 1 South. 456: State v. Huey, 48 La. Ann. 1382, 20 South. 915. It is equally well settled that after verdict a nolle prosequi may, with the consent of the court, be entered as to one or more of several counts, and sentence imposed on the remaining counts. State v. Banton, 4 La. Ann. 31; State v. Crosby, Id. 434; State v. Shonhausen, 26 La. Ann. 421; State v. Christian, 30 La. Ann. 367; State ex rel. Dist. Atty. v. Judge, 48 La. Ann. 133, 18 South. 943.
“Where a person is convicted on good and bad counts, stating cognate offenses, the court may arrest judgment on the bad count and direct the judgment to be entered against the good one.” Knobloch’s Cr. Dig. p. 412, citing State v. Snow, 30 La. Ann. 404, and State v. Brown, 35 La. Ann. 1058; Roscoe, Cr. Ev. p. 222; Wharton, Cr. Pl. §§ 738, 771.
The nolle prosequi as to the charge of larceny having been properly allowed, there would have been nothing for the objection that the defendant had been deprived of the privilege of being tried on that charge by a jury of 5 to rest upon, even if there had been a foundation for it originally. But the learned counsel is mistaken in the assumption that the larceny charged against the defendant was triable by a jury of 5. Acts 1902, p. 162, No. 107, § 5, grades only “larceny of property of less value than $100, unaccompanied with any one of the several sorts of burglary, or other crime,” and leaves larceny such as the defendant is charged with—i. e., larceny accompanied with burglary—to be punished (under Rev. St. § 812), necessarily, at hard labor, and hence triable in the same manner as the burglary with which he is charged. The defendant was, therefore, deprived of none of his rights. But the case would not have been different if the act of 1902 had so classified the larceny in question as to have made it triable by a jury of 5, since we do not understand that article 116 of the Constitution of 1898 so changed the law regulating the methods of procedure in criminal cases as to prevent the trial under the same indictment or information of offenses which might previously have been tried in that manner. The purpose of that article, in providing for the trial of offenses of different grades by the judge, by juries of 5, and by juries of 12, is to expedite and to reduce the expense (to the state) of criminal prosecutions, which purpose would in a great measure be defeated by the construction contended for; and no better illustration of that fact is needed than is to be found in the instant case, in which, prior to the adoption of the Constitution, the defendant, being charged in two counts of the same information with burglary and larceny, might have been tried for both offenses at the same time and at the same expense to the state, whereas, according to the construction mentioned, he would now be entitled to a separate trial for each offense, thereby doubling both the delay and the expense, which it was the purpose of the Constitution to reduce. It is true that the article provides that:
“Cases in which the punishment may be at hard labor shall be tried by a jury of five, all *236 of whom must concur to render a verdict,” and “cases in which the punishment is, necessarily, at hard labor, by a jury of twelve, nine of whom, concurring, may render a verdict.”
But when that article was adopted—in fact, it may he said, from time immemorial —the two offenses charged against the defendant were and have been, in contemplation of law and in point of fact, triable, and most frequently tried, as one “case,” a case which, considered with reference to the methods of trial provided by the Constitution, takes its character from, and falls into, the class of the higher crime charged, just as, and for much the same reasons that, a misdemeanor, cognate to a felony,' may at common law be tried with, and in the same manner as, the felony, though a different rule at one time obtained, concerning which we excerpt the following note from Knobloch’s Cr. Dig., to wit:
“It used to be supposed, at common law that there can be no conviction for misdemeanor on an indictment for felony. 1 Bisk. Cr. Law, §.§ 804-808; 2 Bish. Cr. Pr. § 639; Whar. Cr. PI. §§ 249, 261, 74-2. And hence, in a large class of prosecutions, the defendant would altogether escape prosecution by a subtle fiction, having no origin either in common sense or policy (Whar. Cr. PI. § 464) ; the reason for the rule being that, if a misdemeanor be tried under an indictment for a felony, the defendant loses his right of a special jury and a copy of the indictment. The English reason ceasing, the rule itself ceases. Whar. Cr. PI. § 261.” Knobloch’s Cr. Dig. p. 56, note.
The last clause in article 116 of the Constitution reads:
“Cases in which the punishment may be capital, by a jury of twelve, all of whom must concur to render a verdict.”
We know, however, that there can be no trial for murder which does not of necessity involve a trial for manslaughter, and the courts are commanded to instruct the juries in all murder trials that they may convict of manslaughter; and yet manslaughter is necessarily punishable at hard labor, and it might be argued (as it is argued here, with reference to the supposed rights of the defendant now before the court) that a defendant on trial for manslaughter is entitled to he tried by a jury of 12, 9 of whom, concurring, may render a verdict, and hence that there can be no such thing as prosecution for murder and manslaughter under the same indictment.
The statement of the proposition is its refutation, and is sufficient of itself, apart from other reasons which have been and which might be suggested, to satisfy the mind that the construction which the counsel for the defendant place upon the constitutional provisions invoked by him cannot be the construction which the framers of those provisions placed, and expected the courts to place, on them. As we understand them, they are finding, and will find, abundant application, and there is no reason why they should be so construed as to defeat the very purpose for which they were enacted, and to bring confusion worse confounded into-the administration of criminal justice.
Our conclusion, then, is that article 116' of the Constitution has not so changed the law regulating the method of procedure in criminal prosecutions as to prevent the trial under one indictment of offenses which might previously have-been so tried.
Judgment affirmed.
BREAUX, C. J., concurs in the decree.