BREAUX, O. J.
A true bill was returned against Harry Burns on the 24th day of February, 1912, by the grand jury of the parish of Caddo.
The charge against him was that on the 30th day of January, 1912, he feloniously stole and carried away a watch valued at $40, rings, a razor, a hat, pistol, and other effects, the value of which is stated in the indictment, from the dwelling house of C. C. Bailey.
He was arraigned on the 26th day of February, 1912, and subsequently placed on his trial before á jury of 12. They heard the testimony, argument of counsel, and charge of the court, and thereafter he was found guilty as charged. The court passed sentence subject to commutation provided in Act 112 of 1S90.
The defendant appealed.
The points are before us as stated in two bills of exceptions. In one of the bills of exceptions it is stated that a motion to quash was filed on the following grounds:
The conclusion of the indictment is defective because it does not state according to law.
We have referred to the indictment, and found that in this respect it is written in the usual form.
[1] Next, defendant pleads vagueness, and that the indictment is indefinite and uncertain.
The larceny is charged followed by the charge of burglary in the daytime. This ground is not sustained, as both crimes are explicitly charged. Motion to quash does not lie.
[2] In the third place, defendant’s objection through counsel is duplicity as two separate and distinct felonies and offenses-are contained in the indictment.
We will state the defendant does not show wherein there was duplicity. Moreover, the-point urged was decided adversely to defendant’s contention in State v. Perry, 116 La. 231, 40 South. 686, and State v. Carriere,, 127 La. 1029, 54 South. 339.
[3] The next point of defendant is that no crime is charged.
In answer we will state that larceny is-charged and burglary in the daytime.
The nature of the accusations is stated in the manner and form required, and defendant does not inform us wherein an error has been committed to his prejudice.
For reasons stated, the sentence and judgment are affirmed.