BREAUX. C. J.
The defendant was found guilty of burglary and larceny; and sentenced for a term of two years at hard labor in the penitentiary.
On the trial the judge, in instructing the jury, informed them as part of his charge that they could find one of two verdicts, viz.: Guilty or not guilty.
Thereupon counsel representing the accused requested the court to charge that the jury could find the defendant guilty as charged, or guilty of larceny, or not guilty.
The trial judge refused to change his charge as requested by counsel for defendant, and cited State v. Heloise Carriere, 127 La. 1030, 54 South. 339, in support of his ruling. The defendant thereupon excepted to the charge on this particular point.
There is unavoidably similarity between the charging part of the indictment in the decision before cited and that in the indictment in the present case.
The two crimes denounced are practically the same.
No question but that the rulings in the cited case and the present case are absolutely similar to all intents and purposes.
The only possibility of a change would be by recalling and setting aside the former decision as a precedent which has heretofore received the unanimous approval of the court.
The question arises: Is the question of sufficient importance or has such a departure been made as to require the overruling of the prior decree?
We are not of that opinion.
The question here has several times received consideration directly, and in some cases the principles here have been touched upon; although they are not directly in point, they establish the correctness of the position in the cited cases.
There is no necessity of retracing steps on this question in jurisprudence, nor of setting aside decisions. This court is committed to the proposition that the act denounced here is denounced as one crime, indictable in one count.
It was said in the case of the State v. Thomas, 28 La. Ann. 171, that the charge is not objectionable that confines the possibility of finding the accused guilty of one crime. The court, in the last-cited case, laid down the rule that the charge was not prejudicial; but it also found in effect that the instruction could be limited to one crime, that is, to burglary, and not to two, burglary and larceny.
In State v. Johnson, 34 La. Ann. 49, in which the defendant was charged with entering and stealing, the court held that the offense is “single,” “being,” to quote from the decision, “burglary committed in a particular manner” ; that is, burglary by breaking and entering and stealing.
If the offense is “single,” it follows necessarily that there was no necessity of charging as in the case of a dual offense: Burglary as denounced and larceny as denounced in the different statutes upon the subject.
The last-cited case is well sustained by a number of decisions and the opinion of commentators and law-writers.
*635 Again, in the case of State v. Perry, 116 La. 231, 40 South. 686, similar view is expressed, and conclusion is reached as above expressed. See, also, State v. Carriere, 127 La. 1030, 54 South. 339.
We are not impressed by the dicta in State v. Roberson, 48 La. Ann. 1025, 20 South. 166, nor in State v. Ford, 30 La. Ann. 311, in which it is stated that, in the statute denouncing the crime with which the defendant is charged, the crime of larceny is not denounced in the manner and form required. They are not absolutely contrary to the views we express here, although they do not agree with some of the decisions we have cited. We deem it conservative to adhere to the more recent decisions on the subject, which we have cited above.
While the crime of larceny is not denounced in the statute under which the defendant was indicted, it has been held that it will be treated as one crime, and that there is no necessity of charging as to both larceny and burglary. It may be charged in one count, and treated as one in the trial, and it follows that the instructions may be equally as limited.
For reasons stated, the judgment is affirmed.
PROVOSTY, X, being absent on account of illness, takes no part.