(101 South. 385)

No. 26532.

## STATE v. WHITE.

(June 27, 1924. Rehearing Denied by Whole Court Sept. 25, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬡972—Motion in arrest does not lie to correct error not patent on face of record.**

Motion in arrest of judgment does not lie to correct error not patent on face of record.

**2. Criminal law ⬡972—Admission of confession without proper predicate or insufficiency of evidence on particular point cannot be raised by motion in arrest.**

In burglary prosecution, possible error in admission of confession without proper predicate, or insufficiency of state's evidence as to value of property stolen, are not matters which can be raised by motion in arrest of judgment.

**3. Burglary ⬡28(7)—Value of property intended to be stolen need not be proved, though alleged.**

Larceny and burglary with intent to steal are distinct offenses, and, in prosecution for latter, value of property intended to be stolen is not an ingredient of the offense necessary to be proved, though alleged.

**4. Indictment and information ⬡125(41) — Charge in single count of burglary with intent to steal and larceny amounts to but charge of first-named offense.**

An information or indictment charging in one count both burglary with intent to steal and larceny, in contemplation of law, charges only burglary with intent to steal.

Appeal from Criminal District Court, Parish of Orleans; Richard A. Dowling, Judge.

Robert White was convicted of feloniously entering and breaking a dwelling house in the daytime, and he appeals. Affirmed.

George F. Bartley, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., and Robert H. Marr, Dist. Atty., of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J. A bill of information was filed against defendant charging him in one count with the offense of feloniously breaking and entering in the daytime the dwelling house of Frank Palmisano with the felonious intent to steal, and with having feloniously stolen, taken, and carried away from the dwelling house thus broken and entered by him, one lady's watch of the value of $125, one gold chain of the value of $35, one wrist watch of the value of $25, one pair of earrings of the value of $25, one gold pin of the value of $10, seven certain mortgage notes of the value of $7,000, the property of said Palmisano.

Defendant was tried, found guilty by the jury, was sentenced by the court to the penitentiary for not less than four nor more than

five years, and has appealed from the sentence imposed.

Defendant's counsel, for some reason which the record does not disclose, was not present at the trial. Nevertheless, defendant exercised his right of announcing ready for trial, and the trial was proceeded with in the absence of his counsel. Defendant reserved no bill to any of the rulings of the court during the progress of the trial. However, before sentence was imposed, his counsel appeared and moved the court to arrest the judgment for the following reasons, to wit:

"First. That during the trial herein it developed that the only evidence relied upon by the state in order to obtain a conviction was a so-called confession on the part of the defendant, Robert White, and your mover and defendant avers that the proper legal grounds were not laid for the introduction of the confession, and that when defendant took the stand in his own behalf he testified that he had been subjected to force, duress, and threats.

"Secondly. That in the prosecution, the state failed to prove the value of the notes alleged to have been stolen and the value of the jewelry also alleged to have been stolen herein, and your mover avers that although it may have been the intention of the state to make mention of these articles in a descriptive way, nevertheless the fact that the mere allegation of theft of articles in such a large value as contained in the information and read to the jury, coupled with the fact that there was no proof of such value, operated as an injustice and fatal illegality, and that the jury were impressed with the appearance of a very large and serious robbery, when in truth and in fact the state failed to substantiate such a charge."

## Opinion.

[1, 2] It is elementary that a motion in arrest of judgment does not lie to correct an error that is not patent upon the face of the record. Marr's Criminal Jurisprudence (2d Ed.) § 738. Hence, if the court below erred in admitting the confession complained of, still the error is not one patent upon the face of the record; and therefore relief cannot be obtained by means of a motion in arrest. If defendant was of the opinion that a proper foundation had not been laid for the admission of the confession, he should have objected to its admission, when the state offered it, and upon the overruling of the objection he should have excepted to the ruling, and have had a bill of exceptions signed, showing the offer, the objection, the ruling of the court, and such facts as it was necessary to present in order to enable an appellate court to review the ruling, instead of pursuing the course which he did pursue. Also, if the state offered no evidence to show the value of the property alleged to have been stolen, and defendant thought the state should have proven the value thereof, and that the verdict was illegal, because of such failure, he should not have attempted to have had the trial court pass upon that question under a motion in arrest of judgment, for the error, if error it be, is not one patent upon the face of the record; and, therefore, cannot be reached by a motion in arrest, but only by a motion for a new trial.

[3, 4] Had defendant, however, filed a motion for a new trial, based upon the failure to prove the value of the property alleged to have been stolen, if there was such failure, still the motion would not have been well grounded. This is so, because larceny and burglary with intent to steal are two distinct offenses, and the indictment charges only the burglary, with intent to steal. The particular value of the property, which it was the intent to steal by breaking and entering the dwelling, is not an ingredient of the offense charged. In fact, the actual commission of the larceny is not an element of it, but in so far as concerns larceny, it is only the intent to commit it, that is, to steal, that is an element of the particular kind of burglary charged. True, the bill of information alleges the commission of both burglary with intent to steal and larceny, but it does so in one and the same count, and when an indictment or a bill of

information so alleges the commission of the two offenses, in contemplation of law, it is only the burglary with intent to steal that is actually charged. State v. Ford, 30 La. Ann. 311; State v. Christian, 30 La. Ann. 367; State v. Johnson, 34 La. Ann. 48; State v. King, 37 La. Ann. 662; State v. Nicholls, 37 La. Ann. 779; State v. Robertson, 48 La. Ann. 1026, 20 South. 167; State v. Carriere, 127 La. 1029, 54 South. 339; State v. Fuselier, 134 La. 632, 64 South. 493; State v. Hataway, 153 La. 751, 96 South. 556. It was, of course, perfectly proper for the state to prove that defendant actually stole property in the dwelling, after having entered it, for the purpose of establishing the particular intent with which the breaking and entering was done; but it was unnecessary, in order to show that intent, to prove the particular value of the property stolen, nor can such failure, if it occurred, be considered prejudicial to defendant's case. The appeal is wholly without merit.

For the reasons assigned, the verdict and sentence appealed from are affirmed.

Rehearing refused by the WHOLE COURT.