# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30914

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2014

Lyle W. Cayce
Clerk

ANDREW WEARY,

Petitioner-Appellant,

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1793

Before JOLLY, HIGGINBOTHAM, and OWEN, Circuit Judges.

PER CURIAM:*

The question before us is whether, where a state court attempts in good faith to comply with a conditional writ of habeas corpus but fails to timely satisfy the mandate's conditions due to an inconsequential mistake, the district court may grant the state court additional time to cure the mistake. We answer that question affirmatively and hold that the district court acted within its discretion in this case because any deviation the state court made from the mandate's conditions was de minimis in light of the mandate's purpose.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30914

## I.

A jury convicted Andrew Weary of armed robbery and attempted first-degree murder. He was sentenced as a multiple offender to a seventy-five-year term of imprisonment for the armed robbery offense and a twenty-five-year term of imprisonment for the attempted first-degree murder offense, to run concurrently. Weary's conviction and sentences were ultimately affirmed on direct appeal.[1] Weary unsuccessfully sought state post-conviction relief.

Weary applied for federal habeas relief under 28 U.S.C. § 2254. He argued that he was constructively denied counsel, that he was denied the effective assistance of counsel, that the evidence was insufficient to support the armed robbery conviction, and that he was exposed to double jeopardy. The district court granted a conditional writ of habeas corpus as to Weary's double jeopardy claim and dismissed with prejudice all other claims. It concluded that the state courts' denial of post-conviction relief was contrary to, or an unreasonable application of, Supreme Court precedent because Weary's conviction and sentence for attempted first-degree murder may have rested on an impermissible theory of attempted first-degree murder during the commission of the armed robbery—the same armed robbery of which Weary was also convicted.[2] The district court ordered that Louisiana release Weary unless, within ninety days, the state court: (1) vacate the sentences imposed for Weary's armed robbery and attempted first-degree murder convictions; (2)

---

[1] *State v. Weary*, 826 So. 2d 654, 654 (La. Ct. App. 2002), *cert. denied*, 847 So. 2d 1228, (La. 2003); *State v. Weary*, 930 So. 2d 1240, 1240 (La. Ct. App. 2006), *cert. denied*, 948 So. 2d 1076 (La. 2007).

[2] *See Harris v. Oklahoma*, 433 U.S. 682, 682 (1977) ("When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one.").

vacate Weary's conviction for one of the offenses; and (3) resentence Weary on the remaining offense.

The state court held a hearing in response to the district court's mandate. During the hearing, the state court first vacated both of Weary's sentences. The assistant district attorney then advised the state court that she would *nolle prosequi* Weary's charge for attempted first-degree murder.[3] The state court accepted the assistant district attorney's dismissal of the attempted first-degree murder charge and resentenced Weary to a seventy-five-year term for the armed robbery charge.

Weary thereafter argued to the district court that the state court's actions did not comply with the district court's mandate and sought enforcement of the conditional habeas order, but his filing was misconstrued as an appeal. On February 14, 2013, this court identified that Weary had sought enforcement of the conditional writ of habeas, rather than appealing the state court's action, and dismissed the appeal.

After being informed of this court's ruling, Weary again moved the district court to enforce its order granting a conditional writ of habeas. Weary requested, in the form of a motion under Federal Rule of Civil Procedure 60(b)(2), (5), and (6), that the district court reopen the case, vacate its conditional grant, and issue an absolute habeas writ. The district court determined that no relief was possible under Rule 60(b), but it considered Weary's request for immediate release. It concluded that the assistant district attorney's *nolle prosequi* of the attempted murder charge was not equivalent to a vacation of Weary's conviction and, therefore, the state court had failed to timely comply with the mandate. Having found that the state court had

---

[3] The Assitant District Attorney used the phrase "*nolle pross*," which is a variant of the phrase "*nolle prosequi.*" *Nolle prosequi* is a form of legal notice by a prosecutor that she is abandoning or dismissing a prosecution. *See* BLACK'S LAW DICTIONARY 1070 (7th ed. 1999).

No. 13-30914

attempted in good faith to comply, however, the district court granted the state court an additional ninety days to cure the mistake by vacating one of Weary's convictions. The state court then ultimately did comply with the mandate by vacating Weary's attempted murder conviction and resentencing him on the armed robbery conviction.

On September 6, 2013, the district court certified to us a single question under 28 U.S.C. 2253(c)(3). We granted a certificate of appealability ("COA") to determine:

> whether [the district court] should have ordered Weary released (or, in other words, found that his habeas petition was granted) as to his double jeopardy claim . . . because the [state court] had not complied with the [district court's] mandate within 90 days, or whether it was appropriate in this narrow instance where double jeopardy was involved, for the [district court] to grant the [state court] 90 additional days to comply with its past judgment.

## II.

We must first determine the proper standard of review. Louisiana contends that we review the district court's grant of additional time for abuse of discretion. We agree. Habeas corpus is an equitable remedy.[4] Section 2243 directs the court entertaining a habeas application to "dispose of the matter as law and justice require."[5] Consistent with the equitable nature of section 2243, the Supreme Court has interpreted it to confer on federal courts "broad discretion in conditioning a judgment granting habeas relief."[6] The Supreme Court "has repeatedly stated that federal courts may delay the release of a

---

[4] *Schlup v. Delo*, 513 U.S. 298, 319 (1995).

[5] 28 U.S.C. § 2243.

[6] *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (internal quotation marks and citation omitted).

4

No. 13-30914

successful habeas petitioner in order to provide the [s]tate an opportunity to correct the constitutional violation found by the court."[7]

Drawing on the Supreme Court's guidance in this area, we have held in an unpublished opinion that "when the district court actually imposes a particular [habeas] remedy, we review the choice made for an abuse of discretion."[8] Similarly, several of our sister circuits have applied an abuse of discretion standard in reviewing lower court modifications of conditional habeas remedies.[9] In line with the foregoing, we adopt an abuse of discretion standard in reviewing the district court's actions here.

III.

We note from the outset that section 2253(c) "strictly limits our appellate jurisdiction to the issue on which the applicant has been granted [a] COA."[10] We therefore consider only the question presented in the COA: whether the district court abused its discretion in granting additional time to the state court to cure its mistake and comply with the conditional writ of habeas. Weary claims that the district court instead should have ordered his immediate release because the state court failed to meet the conditions of the mandate before its expiration.

A.

Our consideration of this question begins with a derivation of the mandate's purpose. Weary argued, and the district court agreed, that his convictions for armed robbery and attempted first-degree murder violated his

---

[7] *Id.* (citations omitted).

[8] *Corte v. Johnson*, No. 99-20475, 2000 WL 423443, at *2 (5th Cir. Apr. 7, 2000).

[9] *See Harvest v. Castroi,* 531 F.3d 737, 741 (9th Cir. 2008); *Gibbs v. Frank*, 500 F.3d 202, 206 (3rd Cir. 2007) (citing *In re Cendent Corp. Prides Litig.*, 233 F.3d 188, 192 (3rd Cir. 2000)); *Gentry v. Deuth*, 456 F.3d 687, 697 (6th Cir. 2006); *Gilmore v. Bertrand*, 301 F.3d 581, 582-83 (7th Cir. 2002).

[10] *Lewis v. Thaler*, 701 F.3d 783, 787 (5th Cir. 2012).

No. 13-30914

rights under the Double Jeopardy Clause of the Fifth Amendment, which protects against multiple punishments for the same offense.[11] Specifically, the jury charge at Weary's trial asserted alternative theories of attempted first-degree murder, one of which arose under Louisiana's felony-murder doctrine and was predicated on Weary's commission of the armed robbery. Because the jury was issued a general verdict form, meaning that it did not specify the theory under which it found Weary guilty, the district court concluded that Weary's attempted first-degree murder conviction may have impermissibly rested on the felony-murder theory—a theory based on the same armed robbery of which Weary was also convicted.[12]

The district court granted Weary's habeas petition with regard to his double jeopardy claim, but it placed explicit conditions on that grant to allow the state court an opportunity to remedy the double jeopardy violation. The mandate afforded the state court ninety days to: (1) vacate both of Weary's sentences; (2) vacate one of Weary's convictions; and (3) resentence Weary on the remaining offense. In short, the purpose of the district court's mandate was to delay Weary's release so that the state court could resentence Weary for one of his two convictions in a constitutionally permissible manner.

B.

We next consider the state court's actions in attempting to comply with the district court's mandate. The mandate first directed the state court to vacate both of Weary's sentences, which the state court did. The mandate then directed the state court to vacate one of Weary's convictions. Weary argues, and the district court agrees, that the state court did not comply with this

---

[11] *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

[12] *See Leary v. U.S.*, 395 U.S. 6, 31–32 (1969) ("[W]hen a case is submitted to the jury on alternative theories the unconstitutionality of any of the theories requires that the conviction be set aside.") (citing *Stromberg v. California*, 283 U.S. 359 (1931)).

second requirement. It appears to us, however, that the state court made a good faith attempt to do so. Rather than vacating one of Weary's convictions, the state court accepted the assistant district attorney's dismissal by *nolle prosequi* of Weary's first-degree murder charge. The mandate lastly directed the state court to resentence Weary on the remaining offense, which the state court did.[13]

## C.

Finally, we consider the extent of the state court's noncompliance with the mandate in light of the mandate's purpose. The district court concluded that the state court failed to meet the mandate's second condition because it accepted the assistant district attorney's *nolle prosequi* of one of Weary's sentences rather than vacating one of Weary's sentences. In Louisiana, a *nolle prosequi* functions to "discharge the particular indictment, bill of information, or affidavit" upon which it is ordered.[14] The district attorney's discretion to grant a *nolle prosequi* becomes statutorily constrained once the defendant has been convicted,[15] but the district attorney may nonetheless enter a *nolle prosequi* after a verdict with the consent of the court, and the court may dismiss the conviction and then impose a sentence on any remaining counts.[16] Thus, though it operated under a different procedural label, the *nolle prosequi* in this case functioned much like the vacation of one of Weary's convictions would have—namely, it eliminated the basis of Weary's claimed constitutional

---

[13] The district court expressed uncertainty as to whether the state court had resentenced Weary for the armed robbery conviction or, rather, had "maintain[ed]" Weary's prior sentence after vacating it. This distinction does not appear to be raised in the COA, and therefore we do not address it here. In any event, the district court gave specific instructions for the state court to resentence Weary on the remaining conviction after curing its mistake, and the state court ultimately did so.

[14] *State v. Norwood*, 351 So. 2d 122, 124 (La. 1977).

[15] *See* LA. CODE CRIM. PROC. ANN. art. 691, 693.

[16] *State v. Perry*, 116 La. 231, 233 (La. 1906) (citations omitted).

defect.[17] We conclude that the *nolle prosequi* in this case constituted a de minimis departure from the district court's mandate.[18]

Having determined that any deviation the state court made from the mandate's conditions was de minimis in light of the mandate's purpose, we hold that the district court acted within its discretion in granting the state court additional time to cure the mistake. AFFIRMED.

---

[17] *See U.S. v. Bass*, 310 F.3d 321, 330 (5th Cir. 2002) (noting in a double jeopardy situation that the "vacatur of [one of the petitioner's convictions] eliminate[d] the basis of [the] claimed constitutional defect.").

[18] The parties have not identified a consequential distinction between *nolle prosequi* and vacation in the narrow double jeopardy context examined here. Our holding does not address the relationship between *nolle prosequi* and vacation in any other context.