THOMPSON, J.
 

 (dissenting). The defendant was charged in one count of an information with two crimes: (1) Of breaking into a box car in the nighttime, with specific intent to steal the goods and chattels therein; ánd (2) with the larceny of such goods and chattels to the value of §80.
 

 On a trial he was convicted of the charge of larceny, but the conviction was set aside, because that crime could not be legally charged in an information for burglary.
 

 Thereafter the state offered to put the accused on trial again for burglary, but the court held that he had been acquitted of that charge, and could not again be called on to answer therefor.
 

 In other words, this court ruled that, while the verdict. of larceny was. illegal, and not responsive to the charge of burglary, such null verdict operated nevertheless an acquittal of the graver crime.
 

 Three of the justices did not subscribe to the principle therein applied, which gave to the verdict of the jury a dual effect, to wit, an illegal conviction of the one crime and a legal acquittal of the other.
 

 The state then proceeded, under an information filed by the district attorney, to prosecute for the crime of larceny, and was met by a plea of prescription, which was sustained by the trial judge, and that ruling is affirmed by the opinion herein handed down.
 

 If Act 73 of 1898 does not apply in this case, then I am unable to conceive of a case in which there could be an interruption' of prescription by a defective indictment or information filed within the time prescribed.
 

 Under the ruling herein,,the statute becomes a dead letter, and may as well be repealed.
 

 The statute clearly provides that, where an indictment or information, charging any crime is filed before prescription has accrued, it shall have the effect of interrupting prer scription. And, should the said indictment or information be quashed, annulled, or set aside, or a nulle prosequi entered, prescription shall begin to run against another indictment or another information based on the same facts only from the time that said original indictment or said original information was quashed, annulled; or set aside, or a nolle prosequi entered, and the prescription and exemption therein provided shall not apply to any conviction under said other indictment or information, on the contrary, said prescrip-;
 
 *757
 
 tion or exemption shall not be pleaded against such offense.
 

 The last information was filed by the district attorney within the year following the setting aside of the conviction for larceny under the previous information. And the last information was based on the same state of facts, regarding the offense of larceny, as was the original information. The charge of larceny in the original information was about as full and complete as it could have been made in a separate count of the same information or in an independent information for the crime of larceny.
 

 We repeat, therefore, that no clearer or more perfect case could be imagined for the application of the plain language of Act
 
 73
 
 of 1898 than the one here presented.
 

 But it is stated in the opinion herein handed down that the original information was neither “quashed, annulled, or set aside.” That is true in so far as it relates to the charge of burglary, but it is not true in so far as concerns the charge of larceny.
 

 The court distinctly held in the former opinion that the defendant could not be tried for larceny under that first information, because that crime could not be legally included in an information for burglary. So that, by that decision of this court, the prosecution for larceny under'the original information was put at an end, and terminated about as completely and effectively as could have been done by a mere formal decree specially quashing, annulling, and setting aside the charge of larceny contained in the original information.
 

 There was, in my judgment, no necessity, after that ruling, for entering a nolle prosequi of the original information as a condition precedent for filing the second one.
 

 It is also stated in the opinion herein handed down that the crime of larceny is not an element in the crime of burglary, nor is it essentially included therein. This statement, in my judgment, is not wholly correct.
 

 I concede that the original information filed against the defendant was fatally defective, in so far as it attempted to charge the crime of larceny, for the reason that the burglarious act charged is a felony under section 1 of Act
 
 47
 
 of 1890, and triable by a jury of twelve, whereas larceny of an amount as stated in the information is not an absolute felony, and can only be tried by a jury of five.
 

 Hence the two offenses could not be charged in the same information, even in separate counts.
 

 This, however, has not always been the ease in this state.
 

 Anterior to the passage of Act 35 of 1880, burglary and larceny were subject to the same mode of trial, and could be legally charged in separate counts of the same indictment or information. State v. Malloy, 30 La. Ann. 61; State v. Depass, 31 La. Ann. 487.
 

 And, even under the present system of jury trial, burglary and larceny may be charged in separate counts of the same information or indictment, where the burglary charged is punishable by imprisonment with or without hard labor, and hence triable by a jury of five, and where the larceny charged is of such an amount as entitles the accused to be tried by a jury of five. State v. Natcisse, 133 La. 584, 63 So. 182; State v. Hataway, 153 La. 758, 96 So. 556.
 

 There can be no burglary as charged against the defendant, without a specific intent of stealing the goods and chattels contained in the box car; and hence in such a case it will not do to say that the crime of larceny, which can only be committed with a felonious intent, possesses no element of the crime of burglary.
 

 As we have already shown, the crime of larceny has always been regarded as so related, associated, and connected with the crime of burglary, committed with the intent to steal, that no court has heretofore undertaken to say that larceny was not, in any
 
 *759
 
 manner, associated with the species of burglary as originally charged against the defendant, nor that the two crimes possessed no element in common.
 

 At the expense of repetition, I again say that the defendant was charged in the original' information and called on to answer to the charge of larceny as well as burglary. He was tried for the two crimes, was convicted of larceny, and that conviction was set aside because the information was fatally defective in charging the crime of larceny with burglary;
 

 The second information was filed in less than a year after the said conviction was set aside.
 

 . The last information was • based on the same state of facts as charged illegally in the first information and on which state of facts the defendant was illegally convicted.
 

 In these circumstances, the case is clearly brought within the purpose and the exact language of Act 73 of 1898.
 

 Under the ruling of the court in the instant case and that made in the former ease, the defendant has been discharged from responsibility for the two crimes, one of which a jury has declared that he was guilty.